**FITAPELLI & SCHAFFER, LLP**
Joseph A. Fitapelli
Brian S. Schaffer
Eric J. Gitig
475 Park Avenue South, 12th Floor
New York, New York 10016
Telephone: (212) 300-0375

12 CV 8384

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANNETTE POLLOCK, VICTOR VIERA, JR., and MISAEL FERNANDEZ, on behalf of themselves and all others similarly situated,<br><br>        **Plaintiffs,**<br><br>   -against-<br><br>LEGENDS HOSPITALITY, LLC and NEW YORK YANKEES PARTNERSHIP,<br><br>        **Defendants.** | **CLASS ACTION COMPLAINT** |

RECEIVED
NOV 15 2012
U.S.D.C. S.D.N.Y.
CASHIERS

Plaintiffs   Annette Pollock, Victor Viera, Jr., and Misael Fernandez (collectively "Plaintiffs"), individually and on behalf of all others similarly situated, by their attorneys, Fitapelli & Schaffer, LLP, allege, upon personal knowledge as to themselves, and upon information and belief as to other matters, as follows:

### NATURE OF THE ACTION

1.     This lawsuit seeks to recover minimum wages, overtime compensation, spread-of-hours pay, misappropriated gratuities, uniform-related expenses, and other wages for Plaintiffs and their similarly situated co-workers – "Banquet Servers" who have been employed at Yankee Stadium in New York.

2.     Yankee Stadium is one of the most iconic venues in sports history, playing host to the New York Yankees, who have captured 27 World Series titles, tops of any professional sports franchise. The New York Yankees were recently named the most valuable franchise in all

of sports by Forbes Magazine, with a total enterprise value of $5.1 billion. In 2009, the Yankees opened the New Yankee Stadium. The Yankees are owned by New York Yankees Partnership ("Yankees Partnership").

3.      To coincide with the opening of the New Yankee Stadium, two of the most powerful brands in American sports – the New York Yankees and the Dallas Cowboys – came together alongside Goldman Sachs to form Legends Hospitality, LLC ("Legends"). Since that time, the stadium hospitality company has grown to become the exclusive premium service provider of concessions, catering, and merchandising services at Yankee Stadium. In 2009, Legends helped the Yankees bring in record breaking revenue for the new stadium, and also received the Five Star Diamond Award from the American Academy of Hospitality Services. Currently, Legends generates approximately $25 million in annual operating income.

4.      At all times relevant, Defendants have provided private banquet/event services at Yankee Stadium. This service is available year round and allows customers to host private events for anywhere between 10 and 3,000-plus guests.

5.      Banquet Servers who work these private events are paid on an hourly basis plus tips.

6.      The hourly rate Defendants pay Banquet Servers is below the full minimum wage rate. Defendants also fail to pay Banquet Servers the appropriate overtime rates for hours worked in excess of 40 per week, and deny Banquet Workers who work over 10 hours per day spread-of-hours pay.

7.      In addition, Defendants have misappropriated gratuities from Banquet Servers by retaining portions of mandatory service charges paid by customers hosting private events at Yankee Stadium, which are purported to be gratuities for Banquet Servers.

8.    In that regard, Defendants charge customers hosting private events at Yankee Stadium mandatory service charges in addition to the cost of food and beverage orders.  From on or around January 1, 2009 to December 31, 2011, event contracts ("Event Orders") entered into by Defendants and customers hosting private events at Yankee Stadium offered no explanation of the service charges whatsoever.  Since in or around 2012, Defendants' Event Orders have explained the mandatory service charges as follows:

> SERVICE CHARGE: A standard charge of 20% will be applied to all food and beverage orders.  The standard charge represents a gratuity of 13.0%, which will be distributed directly to the service staff, and an administrative fee of 7.0%, which is retained by Legends to help defray administrative costs related to your event.  It is up to your personal discretion to leave an additional gratuity for your service staff.

9.    Notwithstanding the above language, Defendants have never distributed the entire mandatory service charges to Banquet Servers.

10.    This practice of retaining mandatory charges intended for employees was held by the New York Court of Appeals in *Samiento v. World Yacht Inc.,* 10 N.Y.3d 70 (2008), to be unlawful.  The Court of Appeals in *Samiento v. World Yacht Inc.* stated: "We conclude that a charge that is not a voluntary payment may be a 'charge purported to be a gratuity' within the meaning of the statute.  *Id.* at 74.  This ruling applies retroactively.  *Ramirez v. Mansions Catering, Inc.*, 905 N.Y.S.2d 148 (1st Dep't 2010).

11.    The *Samiento v. World Yacht Inc.* case relied on New York Labor Law ("NYLL"), Article 6, § 196-d, which requires that:

> No employer or his agent or an officer or agent of any corporation, or any other person shall demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee.

12.     New York's law further explains that "A charge purported to be a gratuity must be distributed in full as gratuities to the service employees or food service workers who provided the service." 12 N.Y.C.R.R. § 146-2.18(a).  Moreover, "[t]here shall be a rebuttable presumption that any charge in addition to charges for food, beverage...including but not limited to any charge for "service" or "food service" is a charge purported to be a gratuity." 12 N.Y.C.R.R. § 146-2.18(b). "The employer has the burden of demonstrating, by clear and convincing evidence, that the notification was sufficient to ensure that a reasonable customer would understand that such charge was not purported to be a gratuity." 12 N.Y.C.R.R. § 146-2.19(b).  Here, since the service charges were added automatically and were not voluntary payments, they are purported gratuities that should have been distributed in full to Banquet Servers.

13.     Plaintiffs bring this action on behalf of themselves and all similarly situated current and former Banquet Servers at Yankee Stadium workers who elect to opt-in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Defendants that have deprived Plaintiffs and other similarly situated employees of their lawfully earned wages.

14.     Plaintiffs also bring this action on behalf of themselves and all similarly situated current and former Banquet Servers at Yankee Stadium pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the New York Labor Law ("NYLL"), Article 6, §§ 190 *et seq.*, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

## THE PARTIES

### Plaintiffs

#### Annette Pollock

15.     Annette Pollock ("Pollock") is an adult individual who is a resident of Bronx, New York.

16.     Pollock has been employed by Defendants as Banquet Server at Yankee Stadium from in or around February 2009 to the present.

17.     At all times relevant, Pollock has been a covered employee within the meaning of the FLSA and NYLL.

18.     A written consent form for Pollock is being filed with this Class Action Complaint.

#### Victor Viera, Jr.

19.     Victor Viera, Jr. ("Viera") is an adult individual who is a resident of Bronx, New York.

20.     Viera has been employed by Defendants as Banquet Server at Yankee Stadium from in or around February 2009 to the present.

21.     At all times relevant, Viera has been a covered employee within the meaning of the FLSA and NYLL.

22.     A written consent form for Viera is being filed with this Class Action Complaint.

#### Misael Fernandez

23.     Misael Fernandez ("Fernandez") is an adult individual who is a resident of New York, New York.

24.     Fernandez has been employed by Defendants as Banquet Server at Yankee Stadium from in or around February 2009 to the present.

25.     At all times relevant, Fernandez has been a covered employee within the meaning of the FLSA and NYLL.

26.     A written consent form for Fernandez is being filed with this Class Action Complaint.

**Defendants**

27.     Defendants employed and/or jointly employed Plaintiffs and similarly situated employees at all times relevant.  Each Defendant has had substantial control over Plaintiffs' working conditions, and over the unlawful policies and practices alleged herein.

### Legends Hospitality, LLC

28.     Legends is a Delaware Limited Liability Company registered to do business in New York.

29.     Upon information and belief, Legends Hospitality, LLC's headquarters is located at 634 Frelinghuysen Avenue, Newark, New Jersey 07114.

30.     At all times relevant, Legends has been the corporate entity listed on Plaintiffs' paychecks and W-2 forms.

31.     Legends is a covered employer within the meaning of the FLSA and NYLL, and has employed and/or jointly employed Plaintiffs and similarly situated employees at all times relevant.

32.     At all times relevant, Legends has maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including timekeeping, payroll, and other employment practices that applied to them.

33.     Legends applies the same employment policies, practices, and procedures to all Banquet Servers at Yankee Stadium, including policies, practices, and procedures with respect to the payment of minimum wages, overtime compensation, spread-of-hours pay and customer tips.

34.     At all times relevant, Legends' annual gross volume of sales made or business done was not less than $500,000.00.

### New York Yankees Partnership

35.     Yankees Partnership is an Ohio Limited Partnership registered to do business in New York.

36.     Upon information and belief, Yankees Partnership's headquarters is located at Yankee Stadium, One East 161st Street, Bronx, New York 10451.

37.     Yankees Partnership is a covered employer within the meaning of the FLSA and NYLL, and has employed and/or jointly employed Plaintiffs and similarly situated employees at all times relevant.

38.     At all times relevant, Yankees Partnership has maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including timekeeping, payroll, and other employment practices that applied to them.

39.     At all times relevant, Plaintiffs and similarly situated employees were controlled, directed, and supervised by Yankees Partnership employees.

40.     Yankees Partnership applies the same employment policies, practices, and procedures to all Banquet Servers at Yankee Stadium, including policies, practices, and procedures with respect to the payment of minimum wages, overtime compensation, spread-of-hours pay and customer tips.

41.     At all times relevant, Yankees Partnership's annual gross volume of sales made or business done was not less than $500,000.00.

42.     Pursuant to a contract between Yankees Partnership and Legends, Yankees Partnership would have to approve banquet services, prices, and mandatory service charges.

43.     Yankees Partnership is also liable for violations of NYLL, Article 6, § 196-d because they demanded or accepted, directly or indirectly, or retained a portion of the mandatory service charges paid by customers hosting private banquet events at Yankee Stadium that were purported to be gratuities for Plaintiffs and similarly situated employees.

## JURISDICTION AND VENUE

44.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

45.     This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

46.     This Court also has original jurisdiction pursuant to 28 U.S.C. § 1332(a) because the parties are citizens of different states and the amount in controversy between at least one named Plaintiff and Defendants exceeds the sum or value of $75,000.00.

47.     This Court also has original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1332(d), because the amount in controversy against Defendants in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs, the members of each of the proposed classes are citizens of states different from that of their respective Defendants, there are at least 100 members of the proposed classe, and Defendants are subject to personal jurisdiction in New York.

48.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

49.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## COLLECTIVE ACTION ALLEGATIONS

50.     Plaintiffs bring the First and Second Causes of Action, FLSA claims, on behalf of themselves and all similarly situated persons who have worked as Banquet Servers at Yankee Stadium in New York, who elect to opt-in to this action (the "FLSA Collective").

51.     Defendants are liable under the FLSA for, *inter alia,* failing to properly compensate Plaintiffs and the FLSA Collective.

52.     Consistent with Defendants' policy and pattern or practice, Plaintiff and the FLSA Collective were not paid minimum wages for all hours worked and premium overtime compensation for all hours worked beyond 40 per workweek.

53.     All of the work that Plaintiffs and the FLSA Collective have performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiffs and the FLSA Collective have performed.

54.     As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and the FLSA Collective.  This policy and pattern or practice includes, but is not limited to:

  (a)     willfully failing to pay its employees, including Plaintiffs and the FLSA Collective, minimum wages for all hours worked and premium overtime wages for hours that they worked in excess of 40 hours per workweek; and

  (b)     willfully failing to record all of the time that its employees, including Plaintiffs and the FLSA Collective, have worked for the benefit of Defendants.

55.     Defendants' unlawful conduct, as described in this Class Action Complaint, is pursuant to a corporate policy or practice of minimizing labor costs.

56.     Defendants are aware or should have been aware that federal law required them to pay Plaintiffs and the FLSA Collective full minimum wage for all of the hours they worked.

57.     Defendants are aware or should have been aware that federal law required them to pay Plaintiffs and the FLSA Collective overtime premiums for hours worked in excess of 40 per workweek.

58.     Plaintiffs and the FLSA Collective perform or performed the same primary duties.

59.     Defendants' unlawful conduct has been widespread, repeated, and consistent.

60.     There are many similarly situated current and former Banquet Servers who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.  This notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

61.     Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

## CLASS ACTION ALLEGATIONS

62.     Plaintiffs bring the Third, Fourth, Fifth, Sixth, and Seventh Causes of Action, NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class of persons consisting of:

> All persons who work or have worked for Defendants as Banquet Servers at Yankee Stadium in New York between January 1, 2009 and the date of final judgment in this matter (the "Rule 23 Class").

63.     Excluded from the Rule 23 Class are Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

64.     The members of the Rule 23 Class are so numerous that joinder of all members is impracticable.

65.     Upon information and belief, the size of the Rule 23 Class is at least 40 individuals.  Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendants.

66.     Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

67.     Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

(a)     whether Defendants violated NYLL, Articles 6 and 19, and the supporting New York State Department of Labor Regulations;

(b)     whether Defendants failed to pay Plaintiff and the Rule 23 Class full minimum wages for all of the hours they worked;

(c)     whether Defendants correctly compensated Plaintiff and the Rule 23 Class for hours worked in excess of 40 hours per workweek;

(d)     whether Defendants failed to provide Plaintiff and the Rule 23 Class spread-of-hours pay when the length of their workday was greater than 10 hours;

(e)     whether Defendants misappropriated tips and/or service charges from Plaintiff and the Rule 23 Class by demanding, handling, pooling, counting, distributing, accepting, and/or retaining tips and/or service charges paid by customers that were intended for Plaintiff and the Rule 23 Class, and which customers reasonably believed to be gratuities for Plaintiff and the Rule 23 Class;

(f)     whether Defendants distributed or retained a portion of the tips paid by customers to workers who are not entitled to receive tips under the NYLL;

(g)     whether Defendants failed to pay Plaintiffs and the Rule 23 Class for uniform-related expenses;

(h)     whether Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the Rule 23 Class, and other records required by the NYLL;

(i)     whether Defendants failed to furnish Plaintiff and the Rule 23 Class with an accurate statement of wages, hours worked, rates paid, gross wages, and the claimed tip allowance as required by the NYLL;

(j)     whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

(k)     the nature and extent of class-wide injury and the measure of damages for those injuries.

68.     The claims of Plaintiffs are typical of the claims of the Rule 23 Class they seek to represent.  Plaintiffs and all of the Rule 23 Class members work, or have worked, for Defendants as Banquet Servers at Yankee Stadium in New York.  Plaintiffs and the Rule 23 Class members enjoy the same statutory rights under the NYLL, including to be paid for all hours worked and to retain customer tips.  Plaintiffs and the Rule 23 Class members have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL.  Plaintiffs and the Rule 23 Class members have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns of conduct.

69.     Plaintiffs will fairly and adequately represent and protect the interests of the members of the Rule 23 Class.  Plaintiffs understand that as class representatives, they assume a fiduciary responsibility to the class to represent its interests fairly and adequately.  Plaintiffs recognize that as class representatives, they must represent and consider the interests of the class just as they would represent and consider their own interests.  Plaintiffs understand that in decisions regarding the conduct of the litigation and its possible settlement, they must not favor their own interests over the class.  Plaintiffs recognize that any resolution of a class action must be in the best interest of the class.  Plaintiffs understand that in order to provide adequate representation, they must be informed of developments in litigation, cooperate with class counsel, and testify at deposition and/or trial.  Plaintiffs have retained counsel competent and experienced in complex class actions and employment litigation.  There is no conflict between Plaintiffs and the Rule 23 members.

70.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation.  The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' violations of the NYLL, as well as their common

and uniform policies, practices, and procedures.   Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.   The individual Plaintiffs lack the financial resources to conduct a thorough examination of Defendants' timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages.   In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

71.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## COMMON FACTUAL ALLEGATIONS

72.     Defendants have not paid Banquet Servers the proper minimum wages, overtime wages, and spread-of-hours pay for all of the time that they are suffered or permitted to work each workweek.

73.     Banquet Servers receive weekly paychecks from Defendants that do not properly record or compensate them for all of the hours they work.

74.     Defendants compensate Banquet Servers at an hourly rate that is below the full minimum wage rate.

75.     Defendants have not provided Banquet Servers with notification of the tip credit and/or their intent to apply a tip credit to Banquet Servers' wages.

76.     Defendants do not allow Banquet Servers to retain all of the tips they earn.

77.     Defendants suffer or permit Banquet Servers to work over 40 hours per week. Defendants do not compensate Banquet Servers at the proper overtime rate for all of the hours they work in excess of 40 per workweek.

78.     The overtime premiums paid by Defendants to Banquet Servers are not calculated at 1.5 times the full minimum wage rate.

79.     The overtime premiums paid by Defendants to Banquet Servers do not factor in mandatory service charges and/or gratuities earned by Banquet Servers.

80.     Defendants do not pay Banquet Servers one additional hour of pay at the basic minimum hourly rate for all of the times that the length of the interval between the beginning and end of their workday – including working time plus time off for meals plus intervals off duty – is greater than 10 hours.

81.     Defendants unlawfully demand, handle, pool, count, distribute, accept, and/or retain mandatory service charges and/or gratuities that Banquet Servers earn.

82.     At all times, Defendants have been aware, or should have been aware, that Banquet Servers are entitled to receive mandatory service charges and/or gratuities paid by customers that are intended for Banquet Servers, and which customers reasonably believe to be gratuities for Banquet Servers.

83.     Notwithstanding Banquet Servers' entitlement to receive these mandatory charges and/or gratuities, Defendants retain mandatory service charges and/or gratuities to avoid paying Banquet Servers their lawfully earned gratuities and/or wages.

84.     Defendants impose upon Banquet Servers a tip redistribution scheme to which they never agreed.

85.     Defendants unlawfully redistribute part of Banquet Servers' mandatory service charges and/or gratuities to employees who are in positions that are not entitled to tips under the FLSA and/or the NYLL.

86.     Defendants require Banquet Servers to maintain a uniform without compensating Banquet Servers for the cleaning, care, and maintenance of said uniform.

87.     Defendants do not keep accurate records of wages or tips earned, or of hours worked by Banquet Servers.

88.     Defendants have failed to furnish Banquet Servers with accurate statements of wages, hours worked, rates paid, gross wages, and the claimed tip allowance.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Minimum Wages

89.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraph.

90.     Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Class Action Complaint.

91.     Plaintiffs have consented, in writing, to be parties to this action, pursuant to 29 U.S.C. § 216(b).

92.     At all times relevant, Plaintiffs and the members of the FLSA Collective were employed by an entity engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*, and/or they were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*

93.     At all times relevant, Plaintiffs and the members of the FLSA Collective were or have been employees within the meaning of 29 U.S.C. §§ 201 *et seq.*

94.     At all times relevant, Defendants have been employers of Plaintiffs and the members of the FLSA Collective, engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*

95.     The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiffs and the members of the FLSA Collective.

96.     Defendants have failed to pay Plaintiffs and the members of the FLSA Collective the minimum wages to which they are entitled under the FLSA.

97.     Defendants were required to pay directly to Plaintiffs and the members of the FLSA Collective the full federal minimum wage rate for all hours worked.

98.     Defendants were not eligible to avail themselves of the federal tipped minimum wage rate under the FLSA, 29 U.S.C. §§ 201 *et seq.*, because Defendants failed to inform Plaintiffs and the FLSA Collective of the provisions of subsection 203(m) of the FLSA, and distributed a portion of their tips to workers who do not "customarily and regularly" receive tips.

99.     Defendants' unlawful conduct, as described in this Class Action Complaint, has been willful and intentional.   Defendants were aware or should have been aware that the practices described in this Class Action Complaint were unlawful.   Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the members of the FLSA Collective.

100.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

101.    As a result of Defendants' willful violations of the FLSA, Plaintiffs and the members of the FLSA Collective have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## SECOND CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages

102.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

103.    The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiffs and the members of the FLSA Collective.

104.    Defendants have failed to pay Plaintiffs and the members of the FLSA Collective overtime wages to which they are entitled under the FLSA for all of the hours that they worked in excess of 40 per week.

105.    Defendants did not include all compulsory gratuities/service charges when calculating the overtime rate paid to Plaintiffs and the FLSA Collective, and thus failed to pay Plaintiffs and the members of the FLSA Collective the correct overtime rate when they worked in excess of 40 hours per week.

106.    Defendants' unlawful conduct, as described in this Class Action Complaint, has been willful and intentional.   Defendants were aware or should have been aware that the practices described in this Class Action Complaint were unlawful.  Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the members of the FLSA Collective.

107.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

108.     As a result of Defendants' willful violations of the FLSA, Plaintiffs and the members of the FLSA Collective have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## THIRD CAUSE OF ACTION
### New York Labor Law – Minimum Wages

109.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

110.     Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Class Action Complaint.

111.     At all times relevant, Plaintiffs and the members of the Rule 23 Class have been employees of Defendants, and Defendants have been employers of Plaintiffs and the members of the Rule 23 Class within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

112.     At all times relevant, Plaintiffs and the members of the Rule 23 Class have been covered by the NYLL.

113.     The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants, and protect Plaintiffs and the members of the Rule 23 Class.

114.     Defendants have failed to pay Plaintiffs and the members of the Rule 23 Class the minimum hourly wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

115.    Defendants were required to pay Plaintiffs and the members of the Rule 23 Class the full minimum wage at a rate of (a) $7.15 per hour for all hours worked from January 1, 2007 through July 23, 2009; and (b) $7.25 per hour for all hours worked from July 24, 2009 through the present, under the NYLL §§ 650 *et seq.* and the supporting New York State Department of Labor Regulations.

116.    Defendants failed to furnish with every payment of wages to Plaintiffs and the members of the Rule 23 Class a statement listing hours worked, rates paid, gross wages, and tip allowance claimed as part of their minimum hourly wage rate, in violation of the NYLL and the supporting New York State Department of Labor Regulations.

117.    Defendants required Plaintiffs and the members of the Rule 23 Class to share gratuities with non-tip eligible employees.  As a result, Plaintiffs and the members of the Rule 23 Class are entitled to the full minimum wage rate rather than the reduced tipped minimum wage rate.

118.    Through their knowing or intentional failure to pay minimum hourly wages to Plaintiffs and the members of the Rule 23 Class, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

119.    Due to Defendants' willful violations of the NYLL, Plaintiffs and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid minimum wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### FOURTH CAUSE OF ACTION
### New York Labor Law – Unpaid Overtime

120.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

121.    The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants, and protect Plaintiffs and the members of the Rule 23 Class.

122.   Defendants have failed to pay Plaintiffs and the members of the Rule 23 Class the proper overtime wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

123.   Defendants have failed to pay Plaintiffs and the members of the Rule 23 Class overtime premiums at a rate of one and one-half times the full minimum wage rate for hours worked in excess of 40 per week.

124.   Defendants have failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiffs and the members of the Rule 23 Class.

125.   Through their knowing or intentional failure to pay Plaintiffs and the members of the Rule 23 Class overtime wages for hours worked in excess of 40 hours per week, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

126.   Due to Defendants' willful violations of the NYLL, Plaintiffs and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### FIFTH CAUSE OF ACTION
**New York Labor Law – Unlawful Retention of Service Charges**

127.   Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

128.   At all times relevant, Plaintiffs and the members of the Rule 23 Class have been employees within the meaning of NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

129.     At all times relevant, Defendants have been employers within the meaning of NYLL, Article 6, §§ 190, *et seq.*, and the supporting New York State Department of Labor Regulations.

130.     At all times relevant, Defendants have been employers, agents, and/or officers within the meaning of NYLL, Article 6, § 196-d and the supporting New York State Department of Labor Regulations.

131.     The wage payment provisions of Article 6 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants, and protect Plaintiffs and the members of the Rule 23 Class.

132.     Defendants have unlawfully demanded, accepted and/or retained, directly or indirectly, part of the gratuities – mandatory service charges paid by customers when hosting private banquet events at Yankee Stadium, when such customers were led to believe that such mandatory service charges would be paid to Plaintiffs and the members of the Rule 23 Class – in violation of NYLL, Article 6, § 196-d and the supporting New York State Department of Labor Regulations.

133.     Defendants have required Plaintiffs and the members of the Rule 23 Class to share part of the gratuities they received with employees other than waiters, servers, bussers, or similar employees, in violation of NYLL, Article 6 § 196-d and the supporting New York State Department of Labor Regulations.

134.     By Defendants' knowing or intentional demand for, acceptance of, and/or retention of part of the gratuities received by Plaintiffs and the members of the Rule 23 Class, Defendants have willfully violated the NYLL, Article 6, § 196-d and the supporting New York State Department of Labor Regulations.

135. Due to Defendants' willful violations of the NYLL, Plaintiffs and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid gratuities, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### SIXTH CAUSE OF ACTION
**New York Labor Law – Spread-of-Hours Pay**

136. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

137. Defendants have failed to pay Plaintiffs and the members of the Rule 23 Class additional compensation of one hour's pay at the basic minimum hourly wage rate for each day that the length of the interval between the beginning and end of their workday – including working time plus time off for meals plus intervals off duty – was greater than 10 hours.

138. By Defendants' failure to pay Plaintiffs and the members of the Rule 23 Class spread-of-hours pay, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

139. Due to Defendants' willful violations of the NYLL, Plaintiffs and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid spread-of-hours wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### SEVENTH CAUSE OF ACTION
**New York Labor Law – Uniform Violations**

140. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

141. Defendants have required Plaintiffs and the members of the Rule 23 Class to purchase and wear a uniform consisting of slacks, a shirt, a vest, a Yankees tie, and a Yankees pin.

142.    Defendants have failed to launder or maintain the required uniforms for Plaintiffs and the members of the Rule 23 Class, and have failed to pay them the required weekly amount for laundering and maintenance.

143.    By Defendants' failure to pay Plaintiffs and the members of the Rule 23 Class for the maintenance of required uniforms, Defendants have willfully violated the NYLL, and the supporting New York State Department of Labor Regulations.

144.    Due to Defendants' willful violations of the NYLL, Plaintiffs and the members of the Rule 23 Class are entitled to recover from Defendants the costs of maintaining their required uniforms, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**EIGHTH CAUSE OF ACTION**
**New York Labor Law– Recordkeeping Violations**

145.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

146.    Defendants have willfully failed to supply Plaintiffs and the members of the Rule 23 Class notice as required by NYLL, Article 6, § 195, in English or in the language identified by Plaintiffs and the members of the Rule 23 Class as their primary language, containing Plaintiffs' and the members of the Rule 23 Class' rate or rates of pay and  basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

147.     Defendants have willfully failed to supply Plaintiffs and the members of the Rule 23 Class with an accurate statement of wages as required by NYLL, Article 6, § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

148.     Due to Defendants' willful violations of the NYLL, Plaintiffs and the members of the Rule 23 Class are entitled to recover from Defendants one hundred dollars for each work week that the violations occurred or continue to occur, or a total of twenty-five hundred dollars, as provided for by NYLL, Article 6, §§ 190 *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, respectfully request that this Court grant the following relief:

A.     That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all Banquet Servers who are presently, or have at any time during the six years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, worked at Yankee Stadium in New York. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.      Unpaid minimum wages, overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor Regulations;

C.      Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D.      Designation of Plaintiffs as representatives of the Rule 23 Class and counsel of record as Class Counsel;

E.      Issuance of a declaratory judgment that the practices complained of in this Class Action Complaint are unlawful under the NYLL, Article 6, §§ 190 *et seq.*, NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

F.      Unpaid minimum wages, overtime pay, spread-of-hours pay, misappropriated gratuities, uniform maintenance expenses, and liquidated damages permitted by law pursuant to the NYLL;

G.      One hundred dollars for each work week that the violations of NYLL, Article 6 § 195 occurred or continue to occur, or a total of twenty-five hundred dollars, as provided for by NYLL, Article 6 § 198(1)-d;

H.      Prejudgment and post-judgment interest;

I.      An injunction requiring Defendants to pay all statutorily required wages and cease the unlawful activity described herein pursuant to the NYLL;

J.      Reasonable attorneys' fees and costs of the action; and

K.      Such other relief as this Court shall deem just and proper.

Dated: New York, New York
       November 15, 2012

Respectfully submitted,

_____
Brian S. Schaffer

**FITAPELLI & SCHAFFER, LLP**
Joseph A. Fitapelli
Brian S. Schaffer
Eric J. Gitig
475 Park Avenue South, 12th Floor
New York, New York 10016
Telephone: (212) 300-0375

*Attorneys for Plaintiffs and
the Putative Class*

## FAIR LABOR STANDARDS ACT CONSENT

1.    I consent to be a party plaintiff in a lawsuit against Legends Hospitality, LLC and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216 (b).

2.    By signing and returning this consent form, I hereby designate Fitapelli & Schaffer, LLP ("the Firm") to represent me and make decisions on my behalf concerning the litigation and any settlement. I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs. I understand that the Firm will petition the Court for attorney's fees from any settlement or judgment in the amount of the greater of: (1) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the number of hours expended on the lawsuit, or (2) 1/3 of the gross settlement or judgment amount. I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

_Annette Pollock_

Signature

_Annette Pollock_

Full Legal Name (Print)

███████████████████████████

Address

███████████████████

City, State        Zip Code

██████████████████

Telephone Number

## FAIR LABOR STANDARDS ACT CONSENT

1.      I consent to be a party plaintiff in a lawsuit against Legends Hospitality, LLC and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216 (b).

2.      By signing and returning this consent form, I hereby designate Fitapelli & Schaffer, LLP ("the Firm") to represent me and make decisions on my behalf concerning the litigation and any settlement. I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs. I understand that the Firm will petition the Court for attorney's fees from any settlement or judgment in the amount of the greater of: (1) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the number of hours expended on the lawsuit, or (2) 1/3 of the gross settlement or judgment amount. I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

_____
Signature

Victor M. Viera Jr
_____
Full Legal Name (Print)

███████████████████████████████

Address

███████████████████████████████

City, State        Zip Code      ████████████████

Telephone Number

## FAIR LABOR STANDARDS ACT CONSENT

1.      I consent to be a party plaintiff in a lawsuit against Legends Hospitality, LLC and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216 (b).

2.      By signing and returning this consent form, I hereby designate Fitapelli & Schaffer, LLP ("the Firm") to represent me and make decisions on my behalf concerning the litigation and any settlement. I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs. I understand that the Firm will petition the Court for attorney's fees from any settlement or judgment in the amount of the greater of: (1) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the number of hours expended on the lawsuit, or (2) 1/3 of the gross settlement or judgment amount. I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

Signature

Full Legal Name (Print)

Address

City, State        Zip Code

Telephone Number