**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

---

**ANNETTE POLLOCK, VICTOR VIERA, JR., and MISAEL FERNANDEZ, on behalf of themselves and all others similarly situated,**

                **Plaintiffs,**

    -against-

**LEGENDS HOSPITALITY, LLC and NEW YORK YANKEES PARTNERSHIP,**

                **Defendants.**

12 Civ. 8334 (TPG)

---

**MEMORANDUM OF LAW**
**IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY CERTIFICATION**
**PURSUANT TO THE FAIR LABOR STANDARDS ACT, FOR COURT-AUTHORIZED**
**NOTICE TO SIMILARLY SITUATED PERSONS, AND FOR EXPEDITED DISCOVERY.**

FITAPELLI & SCHAFFER, LLP
Joseph A. Fitapelli
Brian S. Schaffer
Eric J. Gitig
475 Park Avenue South, 12th Floor
New York, New York 10016
Phone: (212) 300-0375
Fax: (212) 481-1333

*Attorneys for Plaintiffs and*
*the Putative Class*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ...........................................................................................ii

PRELIMINARY STATEMENT ....................................................................................1

STATEMENT OF FACTS .............................................................................................1

I.     THE PARTIES ....................................................................................................1

II.    DEFENDANTS SUBJECT BANQUET SERVERS TO UNIFORM
       COMPENSATION POLICIES AND PRACTICES.............................................2

       A.   Defendants Pay Banquet Servers Less Than The Full Minimum Wage. ....................2

       B.   Defendants Do Not Pay Banquet Servers The Appropriate Overtime
            Premiums When They Work Over 40 Hours Per Week ...................................3

ARGUMENT ..................................................................................................................3

I.     COURT-AUTHORIZED NOTICE IS FAIR, EFFICIENT, AND ADVANCES
       PUBLIC POLICY AIMS. ...................................................................................3

II.    PLAINTIFFS EXCEEDS THEIR LOW BURDEN UNDER 29 U.S.C. § 216(b). .................4

       A.   Plaintiffs Have Made The Required Showing That All Banquet Servers
            Are Similarly Situated With Respect To Their FLSA Claims...........................6

III.   COURT-AUTHORIZED NOTICE IS APPROPRIATE IN THIS CASE. ...........................8

IV.    AN EXTENDED NOTICE PERIOD IS APPROPRIATE.................................................10

V.     EXPEDITED DISCLOSURE OF NAMES AND CONTACT INFORMATION .............11

VI.    EQUITABLE TOLLING.....................................................................................11

CONCLUSION................................................................................................................12

# TABLE OF AUTHORITIES

**Cases**....................................................................................................................**Page Number**

*Agudelo v. E & D LLC,*
 No. 12 Civ. 0960 (HB), 2012 WL 5426420, at *2 (S.D.N.Y. Nov. 5, 2012) ................................4

*Alderman v. 21 Club Inc.*, 733 F. Supp. 2d 461 (S.D.N.Y. 2010) .................................................... 3

*Aponte v. Comprehensive Health Management, Inc.,*
 No. 10 Civ. 4825 (PKC), 2011 WL 2207586 (S.D.N.Y. June 2, 2011)......................................10

*Capsolas v. Pasta Resources, Inc.,*
 No. 10 Civ. 5595 (RJH), 2011 WL 1770827 (S.D.N.Y. May 9, 2011) .............................. 4, 5-6

*Cruz v. Hook-SuperRX, LLC,*
 No. 09 Civ. 7717 (PAC), 2010 WL 3069558 (S.D.N.Y. Aug. 5, 2010)................................... 8

*Delaney v. Geisha NYC, LLC,* 261 F.R.D. 55 (S.D.N.Y. 2009) .................................................... 6

*In re Deloitte & Touche, LLP Overtime Litig.,*
 No. 11 Civ. 2461 (RMB)(THK), 2012 WL 340114 (S.D.N.Y. Jan. 17, 2012).........................11

*Enriquez v. Cherry Hill Mkt. Corp.,*
 No. 10 Civ. 5616 (FB)(ALC), 2012 WL 440691 (E.D.N.Y. Feb. 10, 2012)............................ 7

*Ferreira v. Modell's Sporting Goods, Inc.,*
 No. 11 Civ. 2395 (DAB), 2012 WL 2952922 (S.D.N.Y. July 16, 2012) ................................. 5

*Garcia v. Pancho Villa's of Huntington Village, Inc.,*
 678 F. Supp. 2d 89 (E.D.N.Y. 2010) ................................................................................... 5, 9

*Guzelgurgenli v. Prime Time Specials Inc.,*
 No. 11 Civ. 4549 (ADS)(WDW), 2012 WL 3264314 (E.D.N.Y. Aug. 8, 2012) .......................10

*Hernandez v. Merrill Lynch & Co., Inc.,*
 No. 11 Civ. 8472 (KBF), 2012 WL 1193836 (S.D.N.Y. Apr. 6, 2012) ................................... 5

*Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989)................................................ 4, 8

*Iglesias-Mendoza v. La Belle Farm, Inc.,* 239 F.R.D. 363 (S.D.N.Y. 2007) ...................................10

*Karic v. Major Automotive Companies, Inc.,*
 799 F. Supp. 2d 219 (E.D.N.Y. July 2011)......................................................................... 6, 11

*Khalil v. The Original Homstead Rest. Inc.*,
   No. 07 Civ. 695(RJH), 2007 WL 7142139 (S.D.N.Y. Aug. 9, 2007) ........................................ 7

*Khamsiri v. George & Frank's Japanese Noodle Restaurant Inc.*,
   No. 12 Civ. 265 (PAE), 2012 WL 1981507 (S.D.N.Y. June 1, 2012)................................... 6, 7

*Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357 (S.D.N.Y. 2007) ................................... 6

*Morris v. Lettire Construction, Corp.*,
   No. 12 Civ. 0043 (NRB), 2012 WL 4320462 (S.D.N.Y. Sept. 18, 2012) ................... 5, 6, 7, 9

*Myers v. Hertz Corp.*, 624 F.3d 537 (2d Cir.  2010) ......................................................4, 5, 7

*Paguay v. Barbasso, Inc.*,
   No. 11 Civ. 6266 (LTS)(HBP), 2012 WL 2914288 (S.D.N.Y. July 17, 2012) ..................... 4, 7

*Patton v. Thomson Corp.*, 364 F. Supp. 2d 263 (E.D.N.Y. 2005) ................................................ 11

*Pefanis v. Westway Diner, Inc.*,
   No. 08 Civ. 002 (DLC), 2008 WL 4546526 (S.D.N.Y. Oct. 8, 2008)........................................ 7

*Pippins v. KPMG LLP*,
   No. 11 Civ. 0377 (CM)(JLC), 2012 WL 19379 (S.D.N.Y Jan. 3, 2012)............................. 8, 11

*Raniere v. Citigroup Inc.*, 827 F. Supp. 2d 294 (S.D.N.Y. 2011) ........................................... 4, 10

*Rosario v. Valentine Avenue Discount Store, Co., Inc.*, 828 F. Supp. 2d 508 (E.D.N.Y. 2011) .......5, 7

*Ruggles v. WellPoint, Inc.*, 591 F. Supp. 2d 150 (N.D.N.Y. 2008) ............................................... 8

*Salomon v. Adderley Industries, Inc.*, 847 F. Supp. 2d 561 (S.D.N.Y. 2012) ......................... 4, 10

*Shajan v. Barolo Ltd.*,
   No. 10 Civ. 1385 (CM), 2010 WL 2218095 (S.D.N.Y. June 2, 2010).................................. 5, 6

*Siewmungal v. Nelson Mgmt. Group Ltd.*,
   No. 11 Civ. 5018 (BMC), 2012 WL 715973 (E.D.N.Y. Mar. 3, 2012)..................................... 7

*Spicer v. Pier Sixty LLC*, 269 F.R.D. 321 (S.D.N.Y. 2010) ........................................................ 11

*Summa v. Hofstra University,* 715 F. Supp. 2d 378 (E.D.N.Y. 2010)........................................... 7

*Whitehorn v. Wolfgang's Steakhouse, Inc.*,
   No. 09 Civ. 1148 (LBS), 2010 WL 2362981 (S.D.N.Y. June 14, 2010).................................. 11

*Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445 (S.D.N.Y. 2011) ....................... 9

*Wicaksono v. XYZ 48 Corp.*,
   No. 10 Civ. 3635 (LAK)(JCF), 2011 WL 2022644 (S.D.N.Y. May 2, 2011). ..............................2

*Winfield v. Citibank, N.A.*, 843 F. Supp. 3d 397 (S.D.N.Y. 2012) ................................... 10, 10-11

*Yahraes v. Rest. Associates Events Corp.*,
   No. 10 Civ. 935 (SLT), 2011 WL 844963 (E.D.N.Y. March 8, 2011) ..........................................12


**Statutes** ........................................................................................................**Page Number**

29 U.S.C. § 201 *et seq.* ("FLSA") ............................................................................ *passim*

29 U.S.C. § 206 ................................................................................................................2

29 U.S.C. § 207 ................................................................................................................3

29 U.S.C. § 216(b) ............................................................................................... *passim*

29 U.S.C. § 255 ..............................................................................................................10


**Rules & Regulations**.........................................................................................**Page Number**

29 C.F.R. § 531.55 ...........................................................................................................3

29 C.F.R. § 531.60(a)........................................................................................................3

Fed. R. Civ. P. 23 ............................................................................................................8

## PRELIMINARY STATEMENT

Plaintiffs filed this action to recover minimum wages, overtime wages, misappropriated gratuities, and uniform-related expenses for private event "Banquet Servers" who have worked at the New Yankee Stadium in New York.  Through this motion, Plaintiffs seeks to protect the rights of over one hundred current and former Banquet Servers by sending them Court-approved notice of this action and letting them decide whether to seek unpaid minimum wages and overtime wages under the Fair Labor Standards Act ("FLSA").  Plaintiffs have far exceeded their low burden on this motion.  Plaintiffs' declarations and Defendants' own documents show that Defendants subjected Plaintiffs and all other Banquet Servers to similar unlawful practices – paying them reduced minimum wage and overtime rates in violation of the FLSA.  These Banquet Servers will benefit from prompt Court-authorized notice.

## STATEMENT OF FACTS

### I.    THE PARTIES

Yankee Stadium is one of the most iconic venues in sports history, playing host to the New York Yankees.  In 2009, the Yankees opened the New Yankee Stadium.  To coincide with the opening of the New Yankee Stadium, two of the most powerful brands in American sports – the New York Yankees and the Dallas Cowboys – came together alongside Goldman Sachs to form Legends Hospitality, LLC ("Legends").  Since that time, Legends has grown to become the exclusive premium service provider of concessions, catering, and merchandising services at Yankee Stadium. As part of its services at Yankee Stadium, Legends also contracts with various individuals and corporate entities to host private events.  Legends charges many of its customers a mandatory 20% service charge in addition to the price of the event.  Pursuant to a contract between New York Yankees Partnership and Legends, the Yankees must approve banquet services provided at Yankee

1

Stadium, including prices and mandatory service charges.

Plaintiffs Annette Pollock, Victor Viera, Jr., and Misael Fernandez have been employed by Defendants at Yankee Stadium as Banquet Servers from 2009 to present. *See* **Ex. A**, Declaration of Annette Pollock ("Pollock Decl.") ¶ 2; **Ex. B**, Declaration of Victor Viera, Jr. ("Viera Decl.") ¶ 2; **Ex. C**, Declaration of Misael Fernandez ("Fernandez Decl.") ¶ 2.[1]   In addition to Plaintiffs, eight additional Banquet Servers have presently filed a written consent to join this case. *See* Docket.

At all times, Banquet Servers have been compensated on an hourly basis plus service charges.   Generally, the regular rate paid by Defendants has been $7.00 per hour, and the overtime rate – for hours worked in excess of 40 per workweek – has been $10.50 per hour.[2]   In addition to an hourly rate, Plaintiffs are also compensated by a portion of the mandatory service[3] charges Legends imposes on its customers.

## II.   DEFENDANTS SUBJECT BANQUET SERVERS TO SIMILAR COMPENSATION POLICIES AND PRACTICES.

### A.   Defendants Pay Banquet Servers Less Than The Full Minimum Wage.

The FLSA indisputably requires employers to pay their employees at least the statutory minimum wage.   29 U.S.C. § 206.   During the relevant time period, the full minimum wage rate applicable to Plaintiffs has been: (a) $7.15 per hour for all hours worked from January 1, 2009 through July 23, 2009, and (b) $7.25 per hour for all hours worked from July 24, 2009 through the present.   NYLL § 652.[4]   As evidenced by Plaintiffs' paystubs, Defendants have consistently

---

[1]      All exhibits are attached to the Declaration of Brian S. Schaffer ("Schaffer Decl.").
[2]      *See* **Ex. A**, Pollock Decl. ¶¶ 3, 4; **Ex. B**, Viera Decl. ¶¶ 3, 4; **Ex. C**, Fernandez Decl. ¶¶ 3, 4; **Ex. D**,**E** Paystubs.
[3]      Mandatory Service Charges are identified as Service Charge and Charged Tips on paystubs. *See* **Ex. D.**
[4]      *See Wicaksono v. XYZ 48 Corp.*, No. 10 Civ. 3635(LAK)(JCF), 2011 WL 2022644, at *3 (S.D.N.Y. May 2, 2011) ("[W]here a plaintiff is entitled to damages under both federal and state wage law, a plaintiff may recover under the statute which provides the greatest amount of damages.").

paid Banquet Servers less than the full statutory minimum hourly wage rate. Pursuant to the FLSA, the mandatory service charges paid to Plaintiffs are considered wages and are applied towards the minimum wage. 29 C.F.R. § 531.55. However, there are many instances where Plaintiffs were not paid any service charges, and thus were clearly paid less than minimum wage. *See* **Ex. D**, Paystubs (showing payment of $7 per hour with no additional compensation).

> **B.     Defendants Do Not Pay Banquet Servers The Appropriate Overtime Premiums When They Work Over 40 Hours Per Week.**

Banquet Servers at Yankee Stadium have worked over 40 hours per workweek.[5] While Banquet Servers have received overtime compensation for these hours, the overtime premiums paid by Defendants have been less than 1.5 times the full minimum wage rate. *Id.* Moreover, since the service charges are considered wages, they must be included in the employee's total remuneration for purposes of determining his pay rate for overtime purposes. 29 C.F.R. § 531.60(a); *Alderman v. 21 Club Inc.*, 733 F. Supp. 2d 461 at 470-471 (S.D.N.Y. 2010)(J. Griesa). For example, the paystubs in **Ex. E,** reveal that Defendants used an overtime rate of $10.50 for every hour worked over 40 in a workweek. This rate fails to account for mandatory service charges received by the employee. Consequently, Defendants have failed to pay Banquet Employees the appropriate overtime premiums for all hours worked in excess of 40 per workweek. *See* 29 U.S.C. § 207.

## ARGUMENT

## I.     COURT-AUTHORIZED NOTICE IS FAIR, EFFICIENT, AND ADVANCES PUBLIC POLICY AIMS.

In addition to bringing individual suits, the FLSA authorizes aggrieved employees to bring a collective action "on behalf of themselves and other employees similarly situated." 29

---

[5]     **Ex. A**, Pollock Decl. ¶ 4; **Ex. B**, Viera Decl. ¶ 4; **Ex. C**, Fernandez Decl. ¶ 4; **Ex. E**, Paystubs.

U.S.C. § 216(b).  Allowing FLSA suits to proceed as collective actions furthers the goal of judicial economy, and enables the "efficient resolution in one proceeding of common issues of law and fact…" *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989).  The alternative, a multitude of virtually identical individual suits, would burden courts unnecessarily and risk inconsistent judgments on claims arising from the same events and brought under the same laws.

While the FLSA does not expressly require courts to authorize the sending of notice to potential opt-in plaintiffs, the Second Circuit has recently recognized that district courts "have discretion, in appropriate cases, to implement [§ 216(b)] … by facilitating notice to potential plaintiffs" of the pendency of the action and of their opportunity to opt-in as represented plaintiffs. *Myers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir.  2010) (*citing Hoffman-LaRoche*, 493 U.S. at 169).

## II.   PLAINTIFFS EXCEED THEIR LOW BURDEN UNDER 29 U.S.C. § 216(b).

"The Second Circuit adheres to a 'two-step method' to determine whether to grant certification for an FLSA collective action." *Agudelo v. E & D LLC*, No. 12 Civ. 0960 (HB), 2012 WL 5426420, at *2 (S.D.N.Y. Nov. 5, 2012) (*citing Myers*, 624 F.3d at 554-55).  At the first stage, commonly referred to as the notice stage, "a court determines whether notice should be sent to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs, thus issuing a 'conditional certification' of the collective action." *Salomon v. Adderley Industries, Inc.*, 847 F. Supp. 2d 561, 563 (S.D.N.Y. 2012); *Paguay v. Barbasso, Inc.*, No. 11 Civ. 6266 (LTS)(HBP), 2012 WL 2914288, at *2 (S.D.N.Y. July 17, 2012).  "At this initial step, Plaintiffs need only provide some factual basis from which the court can determine if similarly situated potential plaintiffs exist." *Raniere v. Citigroup Inc.*, 827 F. Supp. 2d 294, 319 (S.D.N.Y. 2011).

Other employees are "similarly situated" if they were subjected to the same policies or practices being challenged by the plaintiffs in the litigation. *Capsolas v. Pasta Resources, Inc.*,

4

No. 10 Civ. 5595 (RJH), 2011 WL 1770827, at *2 (S.D.N.Y. May 9, 2011); *see also Rosario v. Valentine Avenue Discount Store, Co., Inc.*, 828 F. Supp. 2d 508 (E.D.N.Y. 2011) (finding that potential plaintiffs were similarly situated because they performed the same job duties and were subject to the same minimum wage and overtime compensation policies). Plaintiffs do not have to show "an actual FLSA violation" at this stage, but rather only that "a 'factual nexus' exists between the plaintiff's situation and the situation of other potential plaintiffs." *Garcia v. Pancho Villa's of Huntington Village, Inc.*, 678 F. Supp. 2d 89, 92 (E.D.N.Y. 2010). Accordingly, "the court does not weigh the merits of the plaintiff's underlying claims … resolve factual disputes or resolve credibility" upon a motion for conditional certification. *Morris v. Lettire Construction, Corp.*, No. 12 Civ. 0043 (NRB), 2012 WL 4320462, at *3 (S.D.N.Y. Sept. 18, 2012); *Shajan v. Barolo Ltd.*, No. 10 Civ. 1385 (CM), 2010 WL 2218095, at *1 (S.D.N.Y. June 2, 2010) (stating that a "weighing of the merits is absolutely inappropriate" at the notice stage). Instead, if the court finds that similarly situated potential plaintiffs exist, "the Court should conditionally certify the class, order that appropriate notice be given to putative class members, and the action should continue as a "collective action throughout the discovery process." *Ferreira v. Modell's Sporting Goods, Inc.*, No. 11 Civ. 2395 (DAB), 2012 WL 2952922, at *2 (S.D.N.Y. July 16, 2012).

Given that certification at the first stage is preliminary and subject to reevaluation, the burden for demonstrating that potential plaintiffs are similarly situated is "minimal." *Morris*, 2012 WL 4320462, at *2 (*citing Myers*, 624 F.3d at 555); *see also Hernandez v. Merrill Lynch & Co., Inc.*, No. 11 Civ. 8472 (KBF), 2012 WL 1193836, at *4 (S.D.N.Y. Apr. 6, 2012) ("The burden imposed at this first 'conditional certification' stage is minimal precisely because the second step allows for a full review of the factual record developed during discovery to determine whether opt-in plaintiffs are *actually* 'similarly situated' to the named plaintiffs). To

satisfy this "low standard of proof," plaintiffs must only "make a 'modest factual showing' that they and potential opt-in plaintiffs together were victims of a common policy or plan that violated the law." *Capsolas*, 2011 WL 1770827, at \*2.

Accordingly, "extensive discovery" is not necessary at the initial stage. *Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 369 (S.D.N.Y. 2007).  In lieu of discovery, "[t]he plaintiff may adduce evidence through its own pleadings, affidavits, and declarations, including any hearsay statements contained therein." *Morris*, 2012 WL 4320462, at \*3; *see also Khamsiri v. George & Frank's Japanese Noodle Restaurant Inc.*, No. 12 Civ. 265 (PAE), 2012 WL 1981507, at \*1 (S.D.N.Y. June 1, 2012) (conditionally certifying collective action based on plaintiff's declaration confirming that she and other employees performed similar work, were paid less than the statutory minimum wage, and were not paid overtime); *Shajan*, 2010 WL 2218095, at \*1 (authorizing notice based on pleadings and affidavits because "nothing more is needed at this stage of the litigation"); *Delaney v. Geisha NYC, LLC*, 261 F.R.D. 55, 59 (S.D.N.Y. 2009) (authorizing notice based on plaintiffs' declarations and deferring "issues of fact" raised by defendants' declaration to a later stage).  For these reasons, courts apply a "fairly lenient standard," and "typically grant 'conditional certification' and authorize notice to potential plaintiffs." *Karic v. Major Automotive Companies, Inc.*, 799 F. Supp. 2d 219, 224 (E.D.N.Y. 2011).

**A.    Plaintiffs Have Made The Required Showing That All Banquet Servers Are Similarly Situated With Respect To Their FLSA Claims.**

Here, Plaintiffs easily meets their minimal, initial stage burden.  Plaintiffs make a strong preliminary showing, through their well-pled Complaint, declarations, and paystubs, that Defendants have subjected all Banquet Servers at Yankee Stadium to similar compensation

policies, and that these policies violate the FLSA.[6]  Specifically, by paying Banquet Servers a regular rate of $7.00 per hour when they received no service charges and an overtime rate of $10.50, which failed to include the service charges in the overtime rate, Defendants have violated the FLSA's minimum wage and overtime provisions.  As a result of the foregoing, Plaintiffs clearly establish the required factual nexus between themselves and other Banquet Servers at Yankee Stadium, and thus amply make the "modest factual showing" required to obtain conditional certification at this early stage of the proceedings.  *See Myers*, 624 F.3d at 555

Courts have consistently certified classes of employees on these grounds.  *See, e.g., Morris*, 2012 WL 4320462, at *5-6 (certifying collective action based on alleged company-wide policy to "not pay overtime premiums"); *Enriquez v. Cherry Hill Mkt. Corp.*, No. 10 Civ. 5616 (FB)(ALC), 2012 WL 440691, at *2 (E.D.N.Y. Feb. 10, 2012) (certifying collective action where plaintiffs' "averments of conversations with co-workers who complained about not receiving overtime satisfy[ied] the Court that there are other [] employees with potential FLSA claims against the defendants"); *Rosario*, 828 F. Supp. 2d at 518 (certifying collective action where "plaintiff has sufficiently established a common plan or policy of not paying the minimum wage or properly compensating for overtime hours"); *Summa v. Hofstra University*, 715 F. Supp. 2d 378, 387 (E.D.N.Y. 2010) (certifying collective action where plaintiffs and similarly situated employees "were subject to [defendant's] common practice of permitting unpaid overtime compensation and subminimum wage labor in violation of the FLSA").

---

[6]     Courts routinely authorize notice on thinner records.  *See, e.g., Enriquez*, 2012 WL 440691 (authorizing notice based on declarations of two employees); *Paguay*, 2012 WL 2914288 at *2 (conditionally certifying class based on a single plaintiff's declaration); *Khamsiri*, 2012 WL 1981507  at *1 (granting conditional certification based on single plaintiff's declaration stating that she and other non-exempt co-workers were subjected to the same wage violations); *Siewmungal v. Nelson Mgmt. Group Ltd.*, No. 11 Civ. 5018 (BMC), 2012 WL 715973 (E.D.N.Y. Mar. 3, 2012) (granting conditional certifications based on the declaration of a single plaintiff); *Pefanis v. Westway Diner, Inc.*, No. 08 Civ. 002 (DLC), 2008 WL 4546526 (S.D.N.Y. Oct. 8, 2008) (conditionally certifying class despite the fact that no one had consented to join the suit other than the named plaintiff); *Khalil v. Original Homestead Rest., Inc.*, No. 07 Civ. 695, 2007 WL 7142139, at *3 (S.D.N.Y. Aug. 09, 2007) (finding statements of plaintiff and one other employee along with allegations in complaint sufficient evidence for 216(b) certification).

### III.    COURT-AUTHORIZED NOTICE IS APPROPRIATE IN THIS CASE.

In addition to an order conditionally certifying this collective action, Plaintiffs also respectfully requests for the Court to authorize that notice be sent to all Banquet Servers who work or have worked at the New Yankee Stadium since its opening in 2009.

To serve the "broad remedial purpose" of the FLSA, courts have authority to notify potential opt-in plaintiffs of their chance to join an existing action early in the proceedings. *Hoffman-LaRoche*, 493 U.S. at 169.  This is the preferred method for managing collective actions because "employees must receive timely notice in order for the benefits of the collective action to accrue." *Cruz v. Hook-SuperRX, LLC*, No. 09 Civ. 7717 (PAC), 2010 WL 3069558, at *1 (S.D.N.Y. Aug. 5, 2010).  Unlike a class action pursuant to Fed. R. Civ. P. 23, an employee in a collective action brought under FLSA § 216(b) is not a class member until he or she affirmatively opts-in to the collective action.  29 U.S.C. § 216(b).  Thus, until similarly-situated employees file consents to opt-in to this action, the statute of limitations continues to run against them on a daily basis.  Therefore, it is critical that similarly-situated employees are afforded notice and an opportunity to opt-in as soon as possible, before their claims are reduced or extinguished by the passage of time. *Ruggles v. WellPoint, Inc.*, 591 F. Supp. 2d 150, 162 n.12 (N.D.N.Y. 2008).  Courts in this circuit generally encourage the sending of notice to similarly situated individuals "early in the litigation process." *Pippins v. KPMG LLP*, No. 11 Civ. 0377 (CM)(JLC), 2012 WL 19379, at *5 (S.D.N.Y. Jan. 3, 2012).

In the instant matter, time is of the essence because potential Plaintiffs' claims are being diminished or extinguished every day, and timely notice will curtail their continued erosion. *See Id*. at *5.  Moreover, the fact that eight additional Banquet Servers have already opted-in to this action evidences that there would be an interest from other similarly situated individuals to participate in this lawsuit.  As such, Plaintiffs respectfully request that the Court order that notice to

the potential opt-in plaintiffs be sent as soon practicable.

In addition to sending the Judicial Notice to similarly situated employees, Plaintiffs respectfully request that the notice be posted, along with consent forms, at Yankee Stadium. "Courts routinely approve requests to post notice on employee bulletin boards and in other common areas, even where potential members will also be notified by mail." *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 449 (S.D.N.Y. 2011) (collecting cases); *see also Garcia*, 678 F. Supp. 2d at 96 ("[W]hile defendants object to the posting of the Notice at their business locations – and request an order prohibiting it – such a practice has been routinely approved in other cases.").

Attached as **Exhibit F** is Plaintiffs' proposed Judicial Notice.  The proposed notice has been carefully drafted pursuant to standards articulated by Courts in this district.  Indeed, Plaintiffs' proposed judicial notice is substantially similar to notices that have been approved in prior cases within this district, and achieves "the goals of the notice: to make as many potential plaintiffs as possible aware of this action and their right to opt in without devolving into a fishing expedition or imposing undue burden on the defendants." *See Morris*, 2012 WL 4320462, at *6. Plaintiff respectfully requests that this notice be adopted.

Additionally, attached as **Exhibit G** is Plaintiffs' proposed Reminder Letter.  By notifying potential plaintiffs that their right to join this lawsuit is limited, the Reminder Letter further promotes the FLSA's broad remedial purpose, as well as the goal of court-authorized notice, by promoting efficient case management through notification and joinder of claims.  In a recent conditional certification decision, Judge Buchwald specifically stated that: "Given that notice under the FLSA is intended to inform as many potential plaintiffs as possible of the collective action and their right to opt-in, we find that a reminder notice [to alert potential plaintiffs that the deadline is coming due] is appropriate." *Id*. at *8.

## IV.    AN EXTENDED NOTICE PERIOD IS APPROPRIATE.

Plaintiffs have plead, and made a strong preliminary showing, that Defendants willfully violated the FLSA by denying Banquet Servers minimum wage and overtime compensation. Plaintiffs' Complaint also asserts parallel state law violations of the New York Labor Law ("NYLL"), as well as additional state law causes of action for unlawful retention of service charges, failure to pay spread-of-hours pay, uniform violations, and recordkeeping violations. *See* Docket No. 1.  Therefore, should the Court authorize notice, Plaintiffs respectfully request that such notice cover the entire period from the opening of the New Yankee Stadium – on or around January 1, 2009 – to the present, rather than the three year period allowed under the FLSA.[7]  "[S]everal courts in this Circuit have deemed it appropriate to grant six-year rather than three-year notice periods where plaintiffs assert claims under both the FLSA and New York Labor Law." *Salomon*, 847 F. Supp. 2d at 556; *see Winfield v. Citibank, N.A.*, 843 F. Supp. 3d 397, 410-411 (S.D.N.Y. Feb. 9, 2012) ("There may be a number of employees with both timely FLSA and state law claims, and several courts in this Circuit have deemed it appropriate to grant six-year rather than three-year notice periods in such circumstances.") (listing cases).  "Providing such information here would be neither unduly burdensome nor disruptive to Defendants." *Raniere*, 827 F. Supp. 2d at 328.  "Thus, it is appropriate and in the interests of judicial economy to permit the plaintiffs to provide notice to potential plaintiffs who were employed by the defendant[s] in New York beginning on [January 1, 2009], even if those plaintiffs' FLSA claims might be time-barred because they were no longer employed by the defendant[s] in the three

---

[7]    The FLSA expressly permits a three-year statute of limitations to remedy willful violations of the Act.  *See* 29 U.S.C. § 255(a).  Where the willfulness of a defendant's violations of the FLSA is pled by a plaintiff, courts in this Circuit generally "appl[y] the three-year statute of limitations for purposes of certifying a representative action." *Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 369 (S.D.N.Y. 2007); *see, e.g., Aponte v. Comprehensive Health Management, Inc.*, No. 10 Civ. 4825 (PKC), 2011 WL 2207586, at *7 (S.D.N.Y. June 2, 2011); *Guzelgurgenli v. Prime Time Specials Inc.*, No. 11 Civ. 4549 (ADS)(WDW), 2012 WL 3264314, at *14 (E.D.N.Y. Aug. 8, 2012) ("Where willfulness is in dispute, a three year statute of limitations applies at the conditional certification stage.").

years prior to the filing of the ... complaint." *Winfield*, 843 F. Supp. 2d at 411.

## V.   EXPEDITED DISCLOSURE OF NAMES AND CONTACT INFORMATION

In order to provide potential opt-in plaintiffs with notice of the pendency of this lawsuit, Plaintiffs require discovery of the names and contact information for those individuals. "It is now commonplace in this Circuit to require the provision of personal contact information to class counsel for the purposes of notifying a class of a collective action and enabling class counsel to obtain relevant discovery." *In re Deloitte & Touche, LLP Overtime Litig.*, No. 11 Civ. 2461 (RMB)(THK), 2012 WL 340114, at *1 (S.D.N.Y. Jan. 17, 2012) (collecting cases). Accordingly, Plaintiffs respectfully request that the Court direct Defendants to produce a computer-readable list of the names, last known addresses, telephone numbers, e-mail addresses, dates of employment, and social security numbers for all persons employed by Defendants as Banquet Servers at Yankee Stadium from January 1, 2009 to the present.[8] *See, e.g., Karic*, 799 F. Supp. 2d at 229 (ordering discovery of the "name, last known mailing address, last known telephone number, work location, and dates of employment" for all similarly situated employees).

## VI.   EQUITABLE TOLLING

Should the Court grant the instant motion, Plaintiffs respectfully request that, to avoid inequitable circumstances, the FLSA statute of limitations be tolled until such time that they are able to send notice to potential opt-in plaintiffs. Courts have granted such relief in FLSA cases on the

---

[8]       Plaintiffs seek the Social Security numbers of similarly situated employees so that Plaintiffs' counsel can perform a skip trace for all notices returned as undeliverable because of a change of address. A large percentage of consent forms are typically returned as undeliverable, and the best way to locate these employees is to perform a search by Social Security number. For this reason, social security numbers are "routinely turned over to plaintiffs' counsel for purposes of notifying potential class members" after conditionally certifying a collective action. *Pippins*, 2012 WL 19379, at *14 (listing cases); *see Spicer v. Pier Sixty LLC*, 269 F.R.D. 321, 339 (S.D.N.Y. 2010) (granting Plaintiffs' request for disclosure of class members' Social Security numbers); *see also Whitehorn*, 2010 WL 2362981, at *3 (ordering disclosure of personal contact information because plaintiffs' "need and due process right to conduct discovery outweigh[s] any privacy concerns of the putative plaintiffs."). Plaintiffs are willing to execute a stipulation of confidentiality regarding the social security numbers. *See Patton v. Thomson Corp.*, 364 F. Supp. 2d 263, 268 (E.D.N.Y. 2005) (requiring defendant to produce Social Security numbers of putative collective members subject to entry of a confidentiality agreement).

grounds that "[t]he delay caused by the time required for a court to rule on a motion, such as one for certification of a collective action in a FLSA case, may be deemed an 'extraordinary circumstance' justifying application of the equitable tolling doctrine." *Yahraes v. Rest. Associates Events Corp.*, No. 10 Civ. 935 (SLT), 2011 WL 844963, at *2 (E.D.N.Y. March 8, 2011) (collecting cases).

## <u>CONCLUSION</u>

For the reasons stated herein, Plaintiffs respectfully ask this Court to grant their Motion for Conditional Certification and Court-Authorized Notice Pursuant to Section 216(b) of the FLSA in its entirety.

Dated: New York, New York
      January 31, 2013

Respectfully submitted,

**FITAPELLI & SCHAFFER, LLP**

By:

/s/ Brian S. Schaffer
Brian S. Schaffer

**FITAPELLI & SCHAFFER, LLP**
Joseph A. Fitapelli
Brian S. Schaffer
Eric J. Gitig
475 Park Avenue South, 12th Floor
New York, New York 10016
Telephone: (212) 300-0375

*Attorneys for Plaintiffs and
the Putative Class*

12