UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANNETTE POLLOCK, VICTOR VIERA, JR., and MISAEL FERNANDEZ, on behalf of themselves and all others similarly situated,<br><br>                Plaintiffs,<br><br>    -against -<br><br>LEGENDS HOSPITALITY, LLC, and NEW YORK YANKEES PARTNERSHIP,<br><br>                Defendants. | Case No. 12-civ-8334<br><br>Hon. Thomas P. Griesa |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT LEGENDS HOSPITALITY, LLC'S MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT**

## TABLE OF CONTENTS

| | | |
|---|---|---|
| I. | **Preliminary Statement**...................................................................................................1 | |
| II. | **Factual Background**......................................................................................................2 | |
| | A. *Banquet Events at Yankee Stadium* .....................................................................2 | |
| | B. *Wages Paid to Plaintiffs Since 2009* ...................................................................2 | |
| III. | **Standard on Motion to Dismiss/Motion for Summary Judgment**................................3 | |
| IV. | **The Plaintiffs Received Well In Excess of the Federal Minimum Wage and Their FLSA Minimum Wage Claim Thus Should Be Dismissed**...................................4 | |
| V. | **Plaintiffs Are Exempt from the Overtime Requirements of the FLSA Because They Are Commissioned Employees under Section 7(i)**..................................5 | |
| | A. *Legends is a "Retail or Service Establishment"*..................................................6 | |
| | B. *The Plaintiffs' Regular Rate of Pay is More than 1.5 Times the Minimum Wage*....................................................................................................7 | |
| | C. *Commissions Are Bona Fide and Account for More Than Half of Plaintiffs' Pay*........................................................................................................7 | |
| VI. | **This Court Should Decline to Exercise Pendent Jurisdiction over Plaintiffs' State Claims**....................................................................................................9 | |

## TABLE OF AUTHORITIES

Case(s)                                                                                                                         Page(s)

*Alderman v. 21 Club Inc.*,
   733 F. Supp. 2d 461 (S.D.N.Y. 2010)........................................................................................4

*Amendola v. Bristol-Myers Squibb Co.*,
   558 F.Supp. 2d 459 (S.D.N.Y 2008).........................................................................................9

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986)..................................................................................................................3

*Brennan v. Catering Mgmt., Inc.*,
   No. 1819, 1975 WL 1156 (W.D. Mo. June 30, 1975) ..............................................................6

*Carden v. Arkoma Assocs.*,
   494 U.S. 185, 110 S. Ct. 1015, 108 L. Ed. 2d 157 (1990)........................................................9

*Carnegie-Mellon Univ., v. Cohill,*
    484 U.S. 343 (1988) ..................................................................................................10

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986) ....................................................................................................3

*Giardina v. Washington Mut. Bank*,
    CV 07 01466 (SJF) (MLO), 2008 WL 821528 (E.D.N.Y. Mar. 25, 2008) ..............3

*Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*,
    213 F.3d 48 (2d Cir. 2000) ...................................................................................9, 10

*Herrick Co., Inc. v. SCS Commc'ns, Inc.*,
    251 F.3d 315 (2d Cir. 2001) .................................................................................9, 10

*In re Family Dollar FLSA Litig.*,
    637 F.3d 508 (4th Cir. 2011) .....................................................................................9

*Johnson v. TGF Precision Haircutters, Inc.*,
    CIV.A. H-03-3641, 2005 WL 1994286 (S.D. Tex. Aug. 17, 2005) ..........................8

*Lanza v. Merrill Lynch & Co.*,
    154 F.3d 56 (2d Cir. 1998) .......................................................................................10

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
    475 U.S. 574 (1986) ....................................................................................................4

*Mazurkiewicz v. New York City Health & Hosps. Corp.*,
    356 F. App'x 521 (2d Cir. 2009) ................................................................................3

*Mechmet v. Four Seasons Hotels, Ltd.*,
    825 F.2d 1173 (7th Cir. 1987) ...............................................................................7, 8

*Parker v. NutriSystem, Inc.*,
    620 F.3d 274 (3d Cir. 2010) .......................................................................................8

*Schmidt v. Peoples Tel. Union of Maryville, Mo.*,
    138 F.2d 13 (8th Cir. 1943) ........................................................................................6

*Spicer v. Pier Sixty LLC*,
    269 F.R.D. 321 (S.D.N.Y. 2010), *reconsideration denied* (Oct. 13, 2010), *motion to
    certify appeal denied* (Sept. 14, 2010) ...................................................................6, 8

*Tinnell v. Invacare Corp.*,
    10-CV-79A, 2010 WL 4616633 (W.D.N.Y. Nov. 12, 2010) ....................................3

*United Mine Workers of Am. v. Gibbs*,
    383 U.S. 715 (U.S. 1966) ..........................................................................................10

*White v. Baptist Mem'l. Health Care Corp.*,
   699 F.3d 869 (6th Cir. 2012) ...................................................................................9

**STATUTES**

28 U.S.C.
   § 1331................................................................................................................................9
   § 1332(a) .....................................................................................................................9, 10
   § 1337................................................................................................................................9

29 U.S.C.
   § 201 et seq. .....................................................................................................................5
   § 207(i) ................................................................................................................5, 6, 7, 8

29 U.S.C.A.
   § 206(a)(1)(West)..........................................................................................................4, 5

**OTHER AUTHORITIES**

29 C.F.R. § 531.55(b) ....................................................................................................................4

29 C.F.R. § 779.410 .......................................................................................................................5

29 C.F.R. § 779.411 .......................................................................................................................6

29 C.F.R. § 779.417(b) ..................................................................................................................8

29 C.F.R. § 779.419(b) ..................................................................................................................7

Fed. R. Civ. P. 56(a) ......................................................................................................................3

U.S. Department of Labor Fact Sheet #20 (July 2008),
   http://www.dol.gov/ whd/regs/compliance/whdfs20.pdf ........................................................6

Defendant Legends Hospitality, LLC ("Legends") respectfully submits this memorandum of law in support of its motion to dismiss Plaintiffs' Class Action Complaint (the "Complaint" or "Compl.") pursuant to Federal Rule of Civil Procedure 12(b)(6).  Plaintiffs' Fair Labor Standards Act ("FLSA") claims should be dismissed because they fail to state a claim upon which relief can be granted.  Because Plaintiffs' only remaining claims arise under New York State law and do not confer subject matter jurisdiction on this Court, and because Plaintiffs do not meet the criteria necessary to establish diversity jurisdiction, this Court should decline to exercise pendent jurisdiction over Plaintiffs' remaining claims and should instead dismiss the Complaint in its entirety.

## I.    Preliminary Statement

Plaintiffs Annette Pollock, Victor Viera, Jr., and Misael Fernandez (the "Plaintiffs") are Legends employees who worked various banqueting events held at Yankee Stadium since 2009.  Plaintiffs seek to represent a class of allegedly "similarly situated" employees.

Plaintiffs assert two claims arising under the FLSA (the "federal claims") and a variety of New York wage and hour law claims (the "state claims").  As set forth herein, the two federal causes of action – the minimum wage and overtime claims under the FLSA – fail to state a claim upon which relief can be granted.  With respect to Plaintiffs' federal minimum wage claim, Plaintiffs all received an hourly rate well above the minimum wage, as they all received a substantial portion of the mandatory 20% service charge received from Legends' banqueting customers.  With respect to Plaintiffs' federal overtime claims, the Plaintiffs are commissioned employees who are exempt from the FLSA's overtime requirements.

In sum, Plaintiffs' allegations – together with the indisputable evidence attached hereto and reviewable by the Court should it convert this motion to one for summary judgment as discussed below – fail to state a viable federal cause of action.  Because Plaintiffs' federal claims

1

must be dismissed, and because there is no diversity jurisdiction, this Court should dismiss this case in its entirety.

## II. Factual Background

### A. Banquet Events at Yankee Stadium

Legends has been the sole provider of concessions services at the new Yankee Stadium since its opening in 2009. *See* Declaration of Daniel Smith ("Smith Decl.") at ¶ 3. In addition to serving as the home of the New York Yankees, Yankee Stadium is also a popular location for a variety of non-baseball events. Of relevance to this case are the banquet events – privately catered events such as weddings, bar mitzvahs, and corporate meetings, as well as internal events organized by Legends itself. *See id*. at ¶ 4. All of the employees who perform banquet services at Legends, including the Plaintiffs, are represented by a union, UNITE HERE Local 100 ("Local 100"). The terms and conditions of these employees' employment are governed by the Agreement Between Legends Hospitality, LLC for Certain Employees Employed at Yankee Stadium and UNITE HERE Local 100, September 11, 2009 through March 31, 2012 (the "CBA"). *See id*. at ¶¶ 5-6; *id*. at Ex. A.

### B. Wages Paid to Plaintiffs Since 2009

Whenever a banqueting event is held at Yankee Stadium, Legends automatically adds a mandatory service charge of 20% to the catering bill. *See* Smith Decl. at ¶ 7; Compl. at ¶ 8. Under the CBA, the majority of that service charge – 12% of net sales – is distributed to the banquet servers who work a particular event. *See* Smith Decl. at ¶ 7; *id*. at Ex. A, p. A-4. The banqueting service charge is distributed to the banquet servers proportionally based on the number of hours each worked during the event at issue. *See id*. at ¶ 8. Until January 10, 2012, the service charge was reflected on employees' pay stubs as "charged tips;" since that time, it has been designated as a "service charge." *See* Declaration of Donald Croce ("Croce Decl.") at ¶ 5.

2

In addition to the service charge, the Plaintiffs also received $7.00 per hour for their work as banquet servers in accordance with the terms of the CBA for hours worked up until 40 per week, and $10.50 per hour for all hours over 40 in a week.  *See id.* at ¶ 3, Exs. A-C; *see also* Smith Decl. at Ex. A, p. A-2.

### III. Standard on Motion to Dismiss/Motion for Summary Judgment

Pursuant to Federal Rule of Civil Procedure 12(d), district courts may convert a motion to dismiss to a motion for summary judgment under Rule 56 when the relevant motion includes facts, evidentiary submissions, and legal arguments outside the scope of matters raised in previous pleadings.  *See, e.g., Mazurkiewicz v. New York City Health & Hosps. Corp.*, 356 F. App'x 521, 522 (2d Cir. 2009) (district court should have treated defendants' motion as "a motion for summary judgment, pursuant to Rule 12(d) … since a decision on the motion required the district court to consider facts and arguments that were outside of the pleadings."); *Giardina v. Washington Mut. Bank*, CV 07 01466 (SJF) (MLO), 2008 WL 821528 (E.D.N.Y. Mar. 25, 2008); *Tinnell v. Invacare Corp.*, 10-CV-79A, 2010 WL 4616633 (W.D.N.Y. Nov. 12, 2010).  Because Legends has attached business records and factual affidavits to its motion papers, it requests that the Court treat this motion as one for summary judgment.

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  To defeat summary judgment, the nonmoving party must then "designate 'specific facts showing that there is a genuine issue for trial.'"  *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Where the record taken as a whole could not lead a reasonable trier of fact to find for the nonmoving party,

3

summary judgment for the moving party is proper. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Here, Legends is entitled to summary judgment on Plaintiffs' federal claims because the undisputed facts establish that (1) when taking into account the service charge, the Plaintiffs received the federal statutory minimum wage at all relevant times, and (2) the Plaintiffs are exempt from the overtime provisions of the FLSA.

**IV.  The Plaintiffs Received Well In Excess of the Federal Minimum Wage and Their FLSA Minimum Wage Claim Thus Should Be Dismissed**

Plaintiffs claim that Legends failed to pay them the minimum wages to which they are entitled under the FLSA. *See, e.g.*, Compl. at ¶ 95. Because the indisputable payroll records show that the Plaintiffs uniformly received a weekly regular rate of pay well in excess of the federal statutory minimum wage, this claim must be dismissed.

Under the FLSA, employees' receipt of a mandatory service charge is part of their regular rate of pay and counts toward the employer's minimum wage obligation. 29 C.F.R. § 531.55(b); *see also Alderman v. 21 Club Inc.*, 733 F. Supp. 2d 461, 471 (S.D.N.Y. 2010) (service charge is a "wage" under FLSA). Thus, when evaluating Plaintiffs' earnings under federal law, the Court must consider not only the standard hourly wage paid to each employee, but the service charge paid to the employee as well.

Here, Plaintiffs consistently made well in excess of $7.25 – the minimum wage in effect throughout the relevant period.[1] *See* Croce Decl. at Ex. D. In addition to receiving their regular

---

[1] *See* 29 U.S.C.A. § 206(a)(1) (West). Plaintiffs filed this action in November 15, 2012. Even assuming Plaintiffs could prove a "willful" violation of the FLSA (which they cannot), the earliest a viable cause of action could have arisen is three years prior to that date, *i.e.*, November

4

rate of $7.00 per hour in connection with their work, Plaintiffs received significant service charges in *multiples* of that amount.  Indeed, the lowest wage rate of any Plaintiff (including service charge) for any week during the relevant period was $23.00 per hour, as received by Plaintiff Annette Pollock for her work as a banquet server the week of March 21, 2011.  *Id*. at ¶ 10; *id*. at Ex. D.  This hourly rate is more than *three times* federal statutory minimum wage.  Meanwhile, Plaintiff Misael Fernandez earned a staggering *$221.40* per hour for his work the week of July 13, 2010.  *Id*. at ¶ 11; *id*. at Ex. D.

In sum, because the Plaintiffs all received up to thousands of dollars per week in the form of mandatory service charges that constituted part of their wages, they have no cause of action under 29 U.S.C. §§ 201 et seq., and their minimum wage claims should be dismissed.

### V. Plaintiffs Are Exempt from the Overtime Requirements of the FLSA Because They Are Commissioned Employees under Section 7(i)

Plaintiffs also allege that Legends improperly failed to pay overtime to banquet servers.  Compl. ¶ 79.  However, Plaintiffs are exempt from the overtime requirements of the FLSA as commissioned employees.  *See* 29 U.S.C. §207(i) (the "Section 7(i) exemption").

To satisfy the Section 7(i) exemption, (1) an employee must work for a "retail or service establishment," (2) the employee's regular rate of pay must be more than 1.5 times the minimum wage, and (3) at least half of the employee's total earnings in a representative period must consist of commissions on goods or services.  *Id*.  "[A]ll earnings resulting from the application of a bona fide commission rate" count towards the amount of commissions on goods or services.  29 C.F.R. §779.410.  Here, the Plaintiffs satisfy all three criteria.

---

15, 2009.  *See* 29 U.S.C. § 201 *et seq*.  The minimum wage has been $7.25 per hour since that time.  *See* 29 U.S.C.A. § 206(a)(1) (West).

### A. Legends is a "Retail or Service Establishment"

A business is a "retail or service establishment" under the FLSA if 75% of the annual dollar volume of the sales of its goods and services are not for resale, and these sales are recognized as retail sales in the industry at issue. 29 C.F.R. §779.411.

The definition of "retail or service establishment" is broad, and encompasses a variety of food and beverage services, including catering and banquet services. *See, e.g., Spicer v. Pier Sixty LLC*, 269 F.R.D. 321, 333 (S.D.N.Y. 2010), *reconsideration denied* (Oct. 13, 2010), *motion to certify appeal denied* (Sept. 14, 2010) (considering banquet servers within service industry for purposes of 7(i) exemption); *Brennan v. Catering Mgmt., Inc.*, No. 1819, 1975 WL 1156, *6 (W.D. Mo. June 30, 1975) (operations providing contract meal services "are 'retail or service establishments' within the meaning of FLSA."); *Schmidt v. Peoples Tel. Union of Maryville, Mo.*, 138 F.2d 13, 15 (8th Cir. 1943) (the term "service establishment" under the FLSA "applies to a[ ] class of businesses, such as restaurants, hotels, laundries").

The U.S. Department of Labor ("DOL") has specifically recognized that employees in the hospitality industry are among those service industry employees eligible for the Section 7(i) exemption:

> [h]otels, motels and restaurants may levy mandatory service charges on customers which represent a percentage of amounts charged customers for services. If part or all of the service charges are paid to service employees, that payment may be considered commission and, if other conditions in section 7(i) are met, the service employees may be exempt from the payment of overtime premium pay.

U.S. Department of Labor Fact Sheet #20 (July 2008) at p. 1 (available at http://www.dol.gov/whd/regs/compliance/whdfs20.pdf).

Further, at least 75% of Legends' annual dollar volume of sales of goods and services is not for resale, and Legends' sales are recognized as retail sales in the concession industry. *See*

6

Smith Decl. at ¶ 9.  Under these standards and established precedent, Legends readily qualifies as a "retail or service establishment."  *See* 29 U.S.C. §207(i).

      B.      *The Plaintiffs' Regular Rate of Pay is More than 1.5 Times the Minimum Wage*

The Section 7(i) exemption applies to employees whose regular rate of pay is at least 1.5 times of the federal minimum wage.  29 U.S.C. §207(i).  The earnings must be "computed for the particular workweek by a mathematical computation in which hours worked are divided into straight-time earnings for such hours to obtain the statutory regular rate."  29 C.F.R. § 779.419(b).  As noted in Section IV, *supra*, the lowest hourly rate of any Plaintiff was $23.00 in any week, which is substantially more than 1.5 times the highest relevant federal minimum wage of $7.25.  Legends thus indisputably meets the second element of the Section 7(i) exemption.

      C.      *Commissions Are Bona Fide and Account for More Than Half of Plaintiffs' Pay*

The third and final element of the Section 7(i) exemption also is satisfied, as at least half of the Plaintiffs' earnings came from commissions.

In *Mechmet v. Four Seasons Hotels, Ltd.*, 825 F.2d 1173, 1176 (7th Cir. 1987), against a factual backdrop very similar to the one in this case, a group of banquet servers at the Ritz-Carlton Hotel sued their employer for failure to pay overtime wages under federal law.  The court in *Mechmet* recognized that "[t]his system, whereby the banquet staff receives substantial compensation out of service charges but is not paid time and a half for overtime. . . is the standard system used by the American hotel and restaurant industry in the provision of banquets."  *Mechmet*, 825 F.2d at 1175.  In rejecting the banquet servers' claim, and finding the servers exempt from the overtime provisions of the FLSA as commissioned employees, the court noted:

> The waiters are not underpaid.  The record suggests that the hourly pay of the plaintiffs, including 'commissions,' never fell below $14

     and sometimes exceeded $18. These amounts are three to four (and more) times the minimum wage.

*Id*. at 1177.

  Like those in *Mechmet*, the service charges apportioned to Legends' regular banquet servers are bona fide commissions. Courts have interpreted the phrase "bona fide commission" to require an inquiry into "whether the employer set the commission rate in good faith," excluding those rates where the employee "always or almost always earns the same fixed amount [ ] for each workweek." *Spicer*, 269 F.R.D. at 332. Legends commissions are bona fide as they are a percentage of the catering bill and thus fluctuate proportionally with the income received for the event. *See, e.g., Parker v. NutriSystem, Inc.*, 620 F.3d 274, 283 (3d Cir. 2010) (flat-rate compensation program was sufficiently proportional to customer costs to qualify as bona fide commission plan).

  Further, per the requirements of the Section 7(i) exemption, more than half of the Plaintiffs' earnings in a representative period consisted of commissions. *See* 29 C.F.R. §779.417(b). Here, Legends has used a representative period of January through December 2012, which is between one month and one year, and it is "as recent a period … as can practicably be used" as set forth in relevant regulations.[2] *Id*. The relevant inquiry within this prong of the Section 7(i) exemption is the calculation and proportion of commissions to total earnings. *See Id*. It cannot be disputed that all of the Plaintiffs made well over 80% of their 2012 wages in the form of mandatory service charge. *See* Croce Decl. at ¶¶ 15-20; *id*. at Exs. G-L.

---

[2] Substantively, the representative period designated by Legends meets the standard of a "period which typifies the total characteristics of an employee's earning pattern in his current employment situation, with respect to the fluctuations of the proportion of his commission earnings to his total compensation." *Johnson v. TGF Precision Haircutters, Inc.*, CIV.A. H-03-3641, 2005 WL 1994286, *6 (S.D. Tex. Aug. 17, 2005) (quoting 29 C.F.R. §779.417).

8

## VI. This Court Should Decline to Exercise Pendent Jurisdiction over Plaintiffs' State Claims

Should the Court dismiss Plaintiffs' two federal claims, it no longer will have federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 or 1337.[3]

The Court also lacks original jurisdiction under 28 U.S.C. § 1332(a), because all of the Plaintiffs and one defendant – the New York Yankees Partnership ("NYYP") – share New York citizenship.

"[D]iversity jurisdiction in a suit by or against [a limited partnership] depends on the citizenship of 'all the members'...." *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195, 110 S. Ct. 1015, 1021, 108 L. Ed. 2d 157 (1990) (emphasis added) (quoting *Chapman v. Barney*, 129 U.S. 677, 682, 9 S.Ct. 426, 428, 32 L.Ed. 800 (1889)). "[F]or purposes of establishing diversity, a partnership has the citizenship of *each of its partners*." *Herrick Co., Inc. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001) (citing *Carden*, supra) (emphasis added). Similarly, a limited liability company has the citizenship of each of its members. *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51-52 (2d Cir. 2000). Here, the majority owner of NYYP is a New York citizen, thus rendering NYYP a New York citizen as well.

---

[3] Eight other individuals have filed consents seeking to become party plaintiffs, asserting that they are "similarly situated" to the Plaintiffs. In addition, the Plaintiffs yesterday filed a motion for conditional certification, seeking to represent a class of allegedly "similarly situated" Plaintiffs. Because the Court has not yet ruled on whether any of these other individuals are "similarly situated" to Plaintiffs, their claims are not properly before the Court. *See In re Family Dollar FLSA Litig.*, 637 F.3d 508 (4th Cir. 2011) (affirming district court's grant of summary judgment with respect to named plaintiff and declining to allow collective action to proceed with 74 opt-in plaintiffs as plaintiff could not represent them without her own viable claim); *see also White v. Baptist Mem'l. Health Care Corp.*, 699 F.3d 869, 877-878 (6th Cir. 2012) (affirming summary judgment and decertification of FLSA class because "[w]ithout a viable claim, [plaintiff] cannot represent others whom she alleged were similarly situated."); *Amendola v. Bristol-Myers Squibb Co.*, 558 F.Supp. 2d 459, 477 (S.D.N.Y 2008) (declining to authorize notice of collective action to potential plaintiffs where defendant showed likelihood of success on merits). Moreover, to the extent that these other employees indeed are "similarly situated" to Plaintiffs, their federal claims lack merit for all of the reasons set forth above.

The majority partner of NYYP is YGE Holdings, LLC (a Delaware LLC) ("YGEH"). YGEH is a New York citizen, because its sole member – Yankee Global Enterprises LLC ("YGE") – is a New York citizen.  YGE, in turn, is a citizen of New York because several of its individual members are New York residents.  *See, generally*, Declaration of Lonn Trost at Ex. A.

In sum, because YGE's members include New York residents, YGE is a New York citizen; because YGE is the sole member of YGEH, YGEH is a New York citizen; and because YGEH is the majority partner in NYYP, NYYP is a New York citizen for diversity purposes.  *See Herrick*, 251 F.3d at 322; *Handelsman*, 213 F.3d at 51-52.  Because all of the Plaintiffs also are New York citizens (Compl. at ¶¶ 15, 19, 23), this Court has no jurisdiction under 28 U.S.C. § 1332(a).

Finally, this Court should decline to exercise pendent jurisdiction over Plaintiffs' state law claims.  *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (U.S. 1966) ("Certainly, if the federal claims are dismissed before trial. . . the state claims should be dismissed as well."); *see also Lanza v. Merrill Lynch & Co.*, 154 F.3d 56, 61 (2d Cir. 1998).  This case is in its infancy, and a long way from trial.  Because the considerations of judicial economy and fairness to litigants would not be served by the Court's exercise of pendent jurisdiction, the Court should decline to exercise jurisdiction over Plaintiffs' state law claims.  *Carnegie-Mellon Univ., v. Cohill*, 484 U.S. 343, 350 (1988).

|  | Respectfully submitted, |
|---|---|
| DATED: February 1, 2013 | _____/s/_____ |

Richard J. Rabin
Kelly L. Brown
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, NY  10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
rrabin@akingump.com
kbrown@akingump.com

Lawrence D. Levien
AKIN GUMP STRAUSS HAUER & FELD LLP
1333 New Hampshire Avenue
Washington, DC 20036
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
llevien@akingump.com

ATTORNEYS FOR DEFENDANT
LEGENDS HOSPITALITY, LLC