UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANNETTE POLLOCK, VICTOR VIERA, JR., and MISAEL FERNANDEZ, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>-against -<br><br>LEGENDS HOSPITALITY, LLC, and NEW YORK YANKEES PARTNERSHIP,<br><br>Defendants. | Case No. 12-civ-8334<br><br>Hon. Thomas P. Griesa |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT LEGENDS HOSPITALITY, LLC'S MOTION TO STAY**
**PLAINTIFFS' MOTION FOR PRELIMINARY CERTIFICATION**

Defendant Legends Hospitality, LLC ("Legends") respectfully seeks an order staying further briefing on Plaintiffs' Motion For Preliminary Certification Pursuant To The Fair Labor Standards Act, For Court-Authorized Notice To Similarly Situated Persons, And For Expedited Discovery (the "Notice Motion") pending resolution of Defendants' Motion to Dismiss Plaintiffs' Class Action Complaint ("Motion to Dismiss"), which defendant filed on February 1, 2013. If the Motion to Dismiss is granted, the Notice Motion will be moot. Thus, consideration of the Motion to Dismiss before proceeding with the Notice Motion promotes judicial economy, avoids the waste of time and resources on a potentially unnecessary issue, and avoids the risk of creating a class when a motion that may be dispositive of the case is pending before the Court. Plaintiffs will not be prejudiced by the stay, because defendant agrees to stipulate to tolling the statute of limitations pending a decision on the Motion to Dismiss and briefing of the Notice Motion should the Motion to Dismiss be denied. Defendants' counsel offered to stipulate with plaintiffs' counsel to this arrangement for a stay and tolling of the statute of limitations, but they

1

declined. Accordingly, the Court should stay any further briefing on the Notice Motion until after it has decided the Motion to Dismiss.

I.      **BACKGROUND**

Legends is a hospitality company that provides concessions and banqueting services for events at Yankee Stadium. Plaintiffs Annette Pollock, Victor Viera, Jr., and Misael Fernandez are Legends employees who worked various banqueting events held at Yankee Stadium since 2009. Plaintiffs filed the complaint in this action on November 15, 2012, alleging a variety of claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Plaintiffs seek to represent a class of allegedly "similarly situated" employees.

On December 21, 2012, Legends submitted a letter to the Court indicating its intent to file a motion to dismiss plaintiffs' claims. *See* Declaration of Kelly L. Brown ("Brown Decl." at ¶ 3, ex. 1. The parties agreed to a briefing schedule on the motion to dismiss that called for Legends to file its motion on February 1, 2013. On January 31, 2013, without prior discussion with Legends, plaintiffs filed their Notice Motion. Dkt. No. 21. Legends filed its Motion to Dismiss the next day, per the stipulated briefing schedule. Dkt. No. 23.

On February 6, 2013, counsel for Legends contacted plaintiffs' counsel to propose that the parties stipulate to a stay of the Notice Motion pending the outcome of the Motion to Dismiss. Brown Decl. at ¶ 4. Counsel for Legends also offered to discuss entering into an agreement to toll the statute of limitations period for potential opt-in plaintiffs until after the Motion to Dismiss had been decided and the Notice Motion had been fully briefed. *Id.* Plaintiffs' counsel rejected Legends' proposal and refused to agree to stay the Notice Motion. *Id.*

On February 14, 2013, due to impending briefing deadlines for both parties, Legends submitted a letter to the Court on behalf of all parties requesting extensions of time for plaintiffs

to respond to defendant's Motion to Dismiss and for defendants to respond to the Notice Motion. *Id.* at ¶ 5, ex. 2.

## II. THE COURT SHOULD STAY PLAINTIFFS' NOTICE MOTION PENDING DETERMINATION OF DEFENDANT'S MOTION TO DISMISS

The Court has inherent power to stay proceedings pending before it. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). This power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id.*; *see also Schiff v. Metzner*, 331 F.2d 963 (2d Cir. 1964). The decision whether to stay is "firmly within a district court's discretion." *LaSala v. Needham & Co., Inc.*, 399 F. Supp. 2d 421, 427 (S.D.N.Y. 2005). In particular, it is well within the Court's discretion to delay consideration of class certification issues pending determination of a motion to dismiss or motion for summary judgment. *See, e.g., Christensen v. Kiewit-Murdock Inv. Corp.*, 815 F.2d 206 (2d Cir. 1987); *In re Starbucks Emp. Gratuity Litig.*, 264 F.R.D. 67, 75 (S.D.N.Y. 2009); *Amendola v. Bristol-Myers Squibb Co.*, 558 F. Supp. 2d 459, 467 (S.D.N.Y. 2008) (delaying decision regarding whether to send notice under section 216(b) pending resolution of motions for summary judgment); *Foti v. NCO Fin. Sys., Inc.*, 424 F. Supp. 2d 643, 647 n.2 (S.D.N.Y. 2006).

In deciding whether to grant a stay, courts consider five factors: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996) (quoting *Volmar Distribs. v. New York Post Co.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993)). In balancing these factors,

3

"the basic goal is to avoid prejudice." *Kappel*, 914 F. Supp. at 1058. Here, each factor weighs strongly in favor of a stay.

### A. Plaintiffs Will Not Be Prejudiced by a Stay of the Notice Motion

A stay will not result in any prejudice to plaintiffs because Legends will agree to remove the one potential source for prejudice a stay might present—the running of the statute of limitations. In the Notice Motion, plaintiffs argue that "time is of the essence because potential Plaintiffs' claims are being diminished or extinguished every day, and timely notice will curtail their continued erosion." Dkt. No. 21 at 8. This is because the statute of limitations continues to run against putative class members until they file consents to opt in to the action. *See* 29 U.S.C. §§ 216(b), 256(b); *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 260 (S.D.N.Y. 1997).

To eliminate this concern, however, defendant would stipulate to tolling the statute of limitations until after the Motion to Dismiss had been decided and, should the Motion to Dismiss be denied, until the Notice Motion had been fully briefed. Defendant's agreement to toll the statute of limitations eliminates any prejudice that might result from a stay. *See, e.g.*, *Hoffmann*, 982 F. Supp. at 260 n.14 ("Plaintiffs' statute of limitations concern has been stayed, however, because . . . defendant stipulated to a tolling of the statute of limitations pending the Court's determination of defendant's motion for judgment on the pleadings."). Moreover, a stay will not serve to delay resolution of plaintiffs' claims because a motion on the merits of plaintiffs' claim is currently pending before the Court.

With plaintiffs' stated reason for urgency in deciding the Notice Motion eliminated, there is no compelling reason for the Court to decide the Notice Motion when a motion is pending before the Court showing that the named plaintiffs' claims fail as a matter of law. As the Second Circuit has recognized, there is no requirement that notice be sent to putative class members in

an FLSA action, much less a requirement that it be sent at any particular time. *Myers v. Hertz Corp.*, 624 F.3d 537, 554-55 (2d Cir. 2010). To the contrary, courts have broad discretion to manage the timing of a notice decision. *See Amendola*, 558 F. Supp. 2d at 467 ("[A] court may refuse to authorize notice or postpone deciding the issue pending further discovery and motion practice."). And delaying the timing of the notice decision here will benefit plaintiffs as much as it does defendant and the Court by conserving their time and resources from being spent on a potentially unnecessary issue.

In sum, because a stay of the Notice Motion will not prejudice plaintiffs, this factor supports granting a stay.

      **B.**    **Defendants Will Be Significantly Prejudiced Without a Stay**

Without a stay, defendant would be considerably burdened by being forced to expend substantial time and resources opposing class certification. Opposing a motion for conditional certification requires extensive fact-investigation into the circumstances of putative class members, as well as significant time and effort in briefing the opposition. These efforts would be entirely unnecessary if defendant's pending Motion to Dismiss is granted. As courts in this district have recognized, ruling on the merits of plaintiffs' claims before proceeding with class issues may "protect the parties from needless and costly further litigation." *In re Starbucks Emp. Gratuity Litig.*, 264 F.R.D. at 75; *see also Amendola*, 558 F. Supp. 2d at 467.

Even greater prejudice will result should the Court grant plaintiffs' Notice Motion before resolution of the Motion to Dismiss. Plaintiffs have asked the Court to require defendant to provide the names, social security numbers, and personal contact information, including e-mail addresses, for all persons employed by defendant as a banquet server at Yankee Stadium since its opening in January 1, 2009. Dkt. No. 21 at 11. Identifying and producing this information is not

5

only a burdensome, time-consuming process, but it provides plaintiffs with sensitive personal information for scores of individuals who are not currently before the Court and who may never be if the Court dismisses the named plaintiffs' claims. It is unfair to defendant and to its employees who may be putative class members to require the disclosure of such personal information based on the claims of three individuals that may well be invalid.

Plaintiffs have also asked the Court to authorize that notice be posted, along with consent forms, at Yankee Stadium. Dkt. No. 21 at 9. This intrusion into defendant's workplace has the potential to create significant confusion and distraction, which would be entirely unnecessary should the Court determine that plaintiffs do not have valid claims. The significant burden that will be imposed on defendant in the absence of a stay weighs strongly in favor of staying the Notice Motion.

### C. A Stay Will Preserve Judicial Resources

If the Court dismisses plaintiffs' claims, there will be no need for further proceedings and all efforts spent on class certification and notice will have been unnecessary. *In re Starbucks Emp. Gratuity Litig.*, 264 F.R.D. at 75 (denying class certification motion as moot after granting defendant's motion for summary judgment); *Vengurlekar v. Silverline Tech. Ltd.*, 220 F.R.D. 222, 230 (S.D.N.Y. 2003) (plaintiffs "[h]aving no FLSA claims of their own . . . are not similar situated to those [individuals], if any, who potentially have such claims"); *Hoffmann*, 982 F. Supp. at 253 ("The Court will address defendant's motion for judgment on the pleadings first. Obviously, if the Court deems this action ripe for dismissal, it would be futile to send class notice to other potential plaintiffs, and plaintiffs' motion would be moot."). Thus, staying the Notice Motion will preserve judicial resources from being unnecessarily expended on class issues while a motion dispositive of the named plaintiffs' claims is pending.

6

Moreover, should the Court grant plaintiffs' motion for conditional certification prior to deciding the Motion to Dismiss, management of this litigation would be unnecessarily complicated. As courts in this district have held, it is a "waste of the Court's and the litigants' time and resources to notify a large and diverse class only to later determine that the matter should not proceed as a collective action . . . ." *Guillen v. Marshalls of MA, Inc.*, 841 F. Supp. 2d 797, 803 (S.D.N.Y. 2012). If the Court authorizes notice to putative class members and then dismisses the plaintiffs' claims, the Court will then have to deal with how to notify putative class members of the dismissal as well as with how to resolve the dismissal against any individuals who opted in. Because any further proceedings on what may soon be a moot Notice Motion will burden the Court and waste judicial resources, this factor weights heavily in favor of a stay.

### D. Persons Not Yet Party to This Litigation Would Benefit From a Stay

Certain non-parties to the litigation—namely, potential opt-in plaintiffs—would significantly benefit from a stay. A stay would avoid the possibility of a confusing process whereby class members are notified that the litigation has been certified, asked to submit opt-in forms, and then possibly later notified that the case has been dismissed and their time was wasted.

Putative class members will also benefit from a stay because it will prevent the potentially unnecessary disclosure of their personal information, including e-mail addresses, home addresses, and social security numbers, to plaintiffs' counsel. And the potential opt-in plaintiffs will not be prejudiced by a stay, because defendant agrees to tolling the statute of limitations on their claims, so their claims are preserved pending resolution of defendant's Motion to Dismiss.

E.  **A Stay Will Not Harm the Public Interest**

Finally, no harm to the public will result from granting defendant's motion to stay.

## III. CONCLUSION

In light of the many benefits of staying the Notice Motion, and the absence of any prejudice to plaintiffs or putative class members, the Court should stay further briefing on plaintiffs' Notice Motion pending resolution of defendant's Motion to Dismiss.

Respectfully submitted,

DATED: March 1, 2013

/s/ *Richard J. Rabin*
Richard J. Rabin
Kelly L. Brown
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, NY 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002
rrabin@akingump.com
kbrown@akingump.com

Robert G. Lian, Jr. (*pro hac vice*)
AKIN GUMP STRAUSS HAUER & FELD LLP
1333 New Hampshire Avenue
Washington, DC 20036
Telephone: (202) 887-4000
Facsimile: (202) 887-4288
blian@akingump.com

ATTORNEYS FOR DEFENDANT
LEGENDS HOSPITALITY, LLC