UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANNETTE POLLOCK, VICTOR VIERA, JR., and MISAEL FERNANDEZ, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>    -against -<br><br>LEGENDS HOSPITALITY, LLC, and NEW YORK YANKEES PARTNERSHIP,<br><br>        Defendants. | Case No. 12-civ-8334<br><br>Hon. Thomas P. Griesa |

## **DECLARATION OF KELLY L. BROWN**

1.     I am an attorney at the law firm of Akin Gump Strauss Hauer & Feld, LLP. I represent defendant Legends Hospitality, LLC ("Legends") in the above-captioned action. I am offering this declaration in support of Defendant Legends Hospitality, LLC's Motion to Stay Plaintiffs' Motion for Preliminary Certification.

2.     In my position as defense counsel, I am familiar with the communications between the parties during this litigation.

3.     Attached hereto as Exhibit 1 is a true and correct copy of the December 21, 2012 letter Legends submitted to the Court.

4.     On February 6, 2013, I spoke with plaintiffs' counsel Brian Schaffer and proposed that the parties stipulate to a stay of Plaintiffs' Motion for Preliminary Certification ("Notice Motion") pending the outcome of the Motion to Dismiss that Legends filed on February 1, 2013. I offered to discuss entering into an agreement to toll the statute of limitations period for putative class members until after the Motion to Dismiss had been decided, or if the Motion to Dismiss

was denied, until after the Notice Motion had been fully briefed. Mr. Schaffer rejected this offer and refused to agree to stay the Notice Motion

5. Attached hereto as Exhibit 2 is a true and correct copy of the February 14, 2013 letter Legends submitted to the Court.

I certify under penalty of perjury under the laws of the United States that I have read the foregoing declaration consisting of five (5) numbered paragraphs and that it is true, correct, and based upon personal knowledge.

Executed this 1st day of March, 2013 at New York, New York.

_____
Kelly L. Brown

# Brown Declaration Exhibit 1



**Akin Gump**
Strauss Hauer & Feld LLP

LAWRENCE D. LEVIEN
202 887 4054/1.202.887 4288
llevien@akingump.com

December 21, 2012

**VIA HAND DELIVERY**

Hon. Thomas P. Griesa
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Pollock, et al. v. Legends Hospitality, LLC, et al.*, 12 CIV 8334 (TPG)

Dear Judge Griesa:

Pursuant to Rule 14 of the Rules for the Division of Business Among District Judges of the Southern District, Defendant Legends Hospitality, LLC ("Legends") writes to respectfully request that Your Honor transfer this case to the Honorable Richard J. Sullivan (provided Judge Sullivan consents) in the interest of judicial efficiency and economy. Should such a transfer be denied, Legends in the alternative respectfully requests a pre-motion conference in connection with Legends' desire to file (1) a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), or, if the Court so directs, a motion for summary judgment pursuant to Fed.R.Civ.P. 56, with respect to the two federal claims asserted in this action, and (2) an accompanying motion to dismiss the state claims for lack of subject matter jurisdiction (such motions together, the "Proposed Motion").

## I.   *Transfer of this Case to Judge Sullivan Will Serve the Judicial Interests of Efficiency and Economy*

Plaintiffs, a putative class of approximately 22 Legends banquet servers and more than 100 other employees who occasionally performed banqueting work at some time between 2009 and today, filed a complaint asserting two causes of action under the Fair Labor Standards Act ("FLSA") and a series of New York state law claims. This is not the first time these particular plaintiffs' attorneys have attempted to bring state wage and hour claims in federal court to take advantage of the more favorable damages available here.

In *Ryan, et al. v. Legends Hospitality, LLC, et al.*, 11 CIV 3110, before Judge Sullivan, the same plaintiffs' counsel attempted the same strategy, bringing a state claim on behalf of a class of unionized food service workers in federal court and arguing diversity jurisdiction. The only claim asserted in *Ryan* was for alleged failure to pay plaintiffs a mandatory service charge pursuant to state law – the key state law claim brought here. Judge Sullivan granted the parties limited discovery on the issue of jurisdiction and ultimately dismissed the case, finding that the amount in controversy was insufficient to support diversity jurisdiction. *See* Exh. 1 (Judge Sullivan's August 1, 2012 Memorandum and Order). During the pendency of the *Ryan* matter, Judge Sullivan became intimately familiar with Legends' business, the service charge claim, and the accompanying jurisdictional issues. Therefore, in order to conserve judicial resources and



Hon. Thomas P. Griesa
December 21, 2012
Page 2

adjudicate this case in the most efficient manner possible, Legends respectfully requests that Your Honor consider transferring this matter to Judge Sullivan.

## II. *Plaintiffs' Federal Claims Have No Merit*

In the event Your Honor declines to transfer this matter, Legends seeks a pre-motion conference to discuss its intention to file the Proposed Motion. As set forth herein, Plaintiffs' federal claims are completely without merit and are asserted only for purposes of forum-shopping; as they did in *Ryan*, plaintiffs' counsel seek to avoid state court, where their claims for liquidated damages will be stricken pursuant to CPLR § 901(b) (barring the recovery of a penalties in class actions). Legends can show, with very little factual discovery, (i) that it is entitled to dismissal of both federal claims and (ii) that the remaining state claims should be dismissed for lack of subject matter jurisdiction. Plaintiffs' forum-shopping efforts should be rejected and, for the reasons set forth below, Legends should be permitted to promptly move for dismissal of all claims.

### a. *Legends Has No Liability Under the FLSA for Minimum Wage Violations*

As plaintiffs set forth in their Complaint, Legends charges customers hosting private banqueting events at Yankee Stadium a mandatory service charge, which is then distributed to the banquet servers. *See* Compl. at ¶ 8. Under the Fair Labor Standards Act ("FLSA"), a mandatory service charge is considered wages and is therefore applied toward the minimum wage. 29 C.F.R. § 531.55(b). Plaintiffs' minimum wage claim — that they were paid only $7.00 an hour in violation of the FLSA — is precluded by the fact they received hundreds to thousands of dollars per week in the form of mandatory service charges. Legends therefore seeks to move to dismiss the federal minimum wage claim.

### b. *Legends Has No Liability Under the FLSA for Unpaid Overtime*

Legends is a service establishment exempt from the overtime provisions of the FLSA, as its banquet servers receive more than half of their compensation in the form of the mandatory service charge, which is considered a commission under the FLSA. *See* 29 U.S.C.S. § 207(i); *see also Mechmet v. Four Seasons Hotels, Ltd.*, 825 F.2d 1173 (7th Cir. 1987) (affirming district court's decision that fixed banqueting service charge is a commission under the FLSA and employer accordingly is exempt from overtime provisions of FLSA). In *Mechmet*, Judge Posner recognized that, "The waiters are not underpaid. The record suggests that the hourly pay of the plaintiffs, including 'commissions,' never fell below $14 and sometimes exceeded $18." 825 F.2d at 1177. Legends will show that the wage of its banquet servers sometimes exceeded $60 per hour. As with the minimum wage claim, Legends will be able to demonstrate clear grounds for dismissal of the overtime claim with a small amount of extraneous evidence.



### III. Once the Federal Claims Have Been Dismissed, This Court Lacks Diversity Jurisdiction

Legends also seeks leave to submit a motion – contingent upon the dismissal of the federal law claims – to dismiss the state claims. There is no diversity jurisdiction in this case, as defendant New York Yankees Partnership, L.P. has several individual members who are citizens of New York, the same state as all of the named plaintiffs. In the event that the Court grants dismissal of the federal claims, given the lack of diversity jurisdiction, the Court also should decline to exercise pendent jurisdiction over the state claims. *See, e.g., Carnegie Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

### IV. Legends Respectfully Requests a Conference to Discuss Its Proposed Motion

Defendants' response to the complaint is currently due on January 11, 2012. Should Your Honor decline to transfer the case, Legends respectfully requests a conference before the Court as soon as practicable in order to discuss the scope of limited discovery on the federal claims and the central jurisdictional issue, and to further explain its compelling bases for the Proposed Motion. Legends also respectfully requests that the Proposed Motion be deemed to toll the deadline for Legends to file a responsive pleading in this matter. In the event the Proposed Motion is denied, Legends further requests that it be permitted to file an answer or other responsive pleadings within a reasonable amount of time after such denial.

Respectfully submitted,

Lawrence D. Levien

cc: Brian S. Schaffer
Harlan Silverstein

EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/1/2012
```

EVELYN RYAN, et al.,

          Plaintiffs,

-v-

LEGENDS HOSPITALITY, LLC, et al.,

          Defendants.

No. 11 Civ. 3110 (RJS)
No. 12 Civ. 5464 (RJS)
MEMORANDUM AND ORDER

RICHARD J. SULLIVAN, District Judge:

    Plaintiffs Evelyn Ryan, Daniel Carr, and Tujuan Garner bring this putative class action pursuant to the New York Labor Law, alleging that Defendants Legends Hospitality, LLC and Legends Hospitality Management, LLC unlawfully withheld service charges earned by Plaintiffs, who are in-seat food service workers at Yankee Stadium in Bronx, New York.[1] Now before the Court are (1) Defendants' motion to dismiss for lack of subject-matter jurisdiction, and (2) the parties' pre-motion letters regarding Plaintiffs' request to amend the Complaint to add federal Fair Labor Standards Act claims. For the reasons that follow, Defendants' motion to dismiss for lack of subject matter jurisdiction is granted; however, Plaintiffs may pursue their contemplated motion to amend.

---

[1] By Order dated February 6, 2012, the Court granted Defendants' motion to sever the claims against these Defendants (the "Legends Defendants") from those against Volume Services America, Inc. and Volume Services, Inc. (the "Centerplate Defendants"). Pursuant to the Court's Order dated July 11, 2012, the Clerk of the Court assigned a new case number, No. 12 Civ. 5464 (RJS), to the claims against the Legends Defendants. However, all files relating to the claims against the Legends Defendants have not yet been moved to the new entry on the Court's electronic filing system. Accordingly, this Order will be filed under both docket numbers even though it pertains only to the Legends Defendants.

I. DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION

A. Background

Plaintiffs assert that the Court has subject-matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a), which requires diversity of citizenship and an amount in controversy exceeding $75,000, or alternatively, under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), which requires minimal diversity of citizenship and a total amount in controversy of at least $5 million. Plaintiffs insist that they meet the latter threshold by aggregating $▓▓▓▓▓ in service charges, the same amount in liquidated damages, $▓▓▓▓▓ in attorneys' fees, and injunctive relief worth at least $▓▓▓▓▓, for a total of $▓▓▓▓▓. (Pl.'s Opp'n Mem. 3.) Alternatively, Plaintiffs state that named Plaintiff Evelyn Ryan satisfies the § 1332(a) threshold with respect to Legends based on $52,260.09 in service charges, the same amount in liquidated damages, and attorneys' fees of $34,491.66, for a total of $139,011.84. (Id.) The parties do not appear to dispute that Plaintiffs satisfy the diversity of citizenship requirements of both sections 1332(a) and 1332(d).

Defendants have moved to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction, arguing that Plaintiffs cannot meet either the $75,000 amount in controversy set forth in 28 U.S.C. § 1332(a) or the $5,000,000 threshold set forth in CAFA. For the reasons stated on the record at the argument held on February 3, 2012, the Court determined that: (1) Plaintiffs may claim 100% of the allegedly unpaid service charge for purposes of amount in controversy despite factual disputes as to whether Plaintiffs already received some portion of it; (2) Plaintiffs may include liquidated damages and attorneys' fees as part of the amount in controversy; and (3) the Wage Theft Prevention Act did not apply retroactively, and thus Plaintiffs may only claim liquidated damages in the amount of 25% of allegedly withheld wages. In light of those conclusions, Plaintiffs' aggregate amount in

controversy, even including the requested attorneys' fees amounting to 33% of damages, would total $[REDACTED] which falls short of the CAFA threshold. However, the amount attributable to named Plaintiff Evelyn Ryan is $65,325.11 if all attorneys' fees are excluded and $86,882.40 if the original requested fee amount is included.

Accordingly, the only remaining issue in Defendants' motion to dismiss is the amount of attorneys' fees properly attributed to named Plaintiff Evelyn Ryan for purposes of ascertaining whether Ryan can meet the $75,000 amount in controversy threshold. By Order dated February 6, 2012, the Court directed the parties to make additional submissions regarding attorneys' fees. Plaintiffs filed their additional submission on February 17, 2012, and Defendants filed their opposition on March 2, 2012.

B.  Legal Standard

Under 28 U.S.C. § 1332(a), a federal court may exercise subject-matter jurisdiction over an action in which (1) the parties are citizens of different states, and (2) the amount in controversy exceeds $75,000. In a case in which all plaintiffs are diverse from all defendants and one plaintiff's claims exceed $75,000, a district court may exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over the remaining plaintiffs' claims even if their individual claims fall short of that jurisdictional threshold. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558-59 (2005).

The requirements of diversity jurisdiction -- including the amount in controversy -- are determined at the time the action is commenced. *Durant, Nichols, Houston, Hodgson & Cortesse-Costa P.C. v. Dupont*, 565 F.3d 56, 63 (2d Cir. 2009). The Second Circuit recognizes "a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Scherer v. Equitable Life Assurance Society of the U.S.*, 347 F.3d 394, 397 (2d Cir. 2003) (internal quotation marks and citations omitted). To rebut that

presumption, "the party opposing jurisdiction must show *to a legal certainty* that the amount recoverable does not meet the jurisdictional threshold." *Id.* (internal quotation marks and citations omitted) (emphasis added). Legal impossibility "must be so certain as to virtually negative the plaintiff's good faith in asserting the claim." *Id.*

### C. Attorneys' Fees

Since the February 3, 2012 oral argument, Plaintiffs have submitted an additional declaration claiming that, as of February 17, 2012, Plaintiffs had incurred $190,240 in attorneys' fees that could be attributed to the Legends Defendants. Significantly, Plaintiffs concede that only $15,058.75 of that amount was incurred prior to the filing of the Complaint.[2] Nevertheless, Plaintiffs further contend that a significant portion of the $15,058.75 should be attributed to Plaintiff Evelyn Ryan since the other two named Plaintiffs joined the suit only shortly before the filing of the Complaint.

The Second Circuit has held that attorneys' fees may be used to satisfy the amount in controversy threshold only if they are recoverable as a matter of right pursuant to statute or contract. *Givens v. W. T. Grant Co.*, 457 F.2d 612, 614 (2d Cir. 1972), *vacated on other grounds*, 409 U.S. 56; *see also Kimm v. KCC Trading, Inc.*, 449 F. App'x 85, 85-86 (2d Cir. 2012). Section 198 of the New York Labor Law allows prevailing employees to recover "all reasonable attorney's fees" in claims for unpaid wages. N.Y. Labor Law § 198(1-a) (McKinney 2011). As the Court has already explained, Plaintiffs' claims for withheld gratuities are covered by Section 198(1-a).

---

[2] Defendants challenge the reasonableness of the fees incurred by Plaintiffs' counsel. However, the Court need not reach that issue in resolving this motion.

It is less clear, however, how to properly estimate attorneys' fees when they are raised in the context of a putative class action.[3] Although the Second Circuit has not ruled directly on the issue, other circuits have concluded that attorneys' fees cannot be aggregated for purposes of amount in controversy in a putative class action where jurisdiction is predicated on 28 U.S.C. § 1332(a). *See Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 766-67 (8th Cir. 2001) ("[T]he attorney fees at stake in this case must be divided between the members of the [putative] class for purposes of determining the amount in controversy. . . . Such fees . . . do not constitute part of a common and undivided interest, at least when each of the individual members of the class has a separate right to recover them." (internal citations omitted)); *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1293 (10th Cir. 2001) (same); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1266-67 (11th Cir. 2000) (same).[4] The Court agrees with these courts and concludes that aggregation is inappropriate under these circumstances.

The Second Circuit reached a similar conclusion when considering the analogous issue of whether punitive damages may be aggregated to satisfy the amount in controversy threshold. Specifically, the Circuit held that such aggregation is not permissible where "the underlying cause of action asserted on behalf of the class is *not* based upon a title or right in which the

---

[3] In their initial briefing and at oral argument, Plaintiffs argued that it would be appropriate to assume 33% of recovery for the purpose of determining amount in controversy, noting that some courts have adopted this approach. *See DiPonzio v. Bank of Am. Corp.*, No. 11-CV-06192 (MAT), 2011 WL 2693912, at *3 (W.D.N.Y. July 11, 2011) (estimating fees to be 33% of amount in controversy for limited purposes of amount in controversy); *Evans v. Int'l Paper Co.*, No. 11-0214 (KLH), 2011 WL 2559791, at *4 (W.D. La. June 28, 2011) (similar). The Court stated at argument that it would not adopt the reasoning of those courts, in part because, although a percentage-of-recovery approach may be appropriate in some settlement contexts, courts in this Circuit apply the "presumptively reasonable fee" test, which looks to the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate, and modified by factors such as the complexity of the litigation and results obtained, when awarding fees under the Fair Labor Standards Act and New York Labor Law. *See Barfield v. N.Y.C. Health & Hosps. Grp.*, 537 F.3d 132, 151-52 (2d Cir. 2008). Plaintiff has not pursued this theory further.

[4] These cases predate the 2005 Class Action Fairness Act, 28 U.S.C. § 1332(d), which provided an exception to the non-aggregation rule for class actions in which, *inter alia*, the claims of class members amount to more than $5,000,000 when aggregated. However, since the applicable theory of jurisdiction for purposes of this motion is under § 1332(a), the reasoning of these cases still applies here.

plaintiffs share, and as to which they claim, a common interest." *Gilman v. BHC Secs., Inc.*, 104 F.3d 1418, 1431 (2d Cir. 1997) (emphasis in original). The court noted that punitive damages were not a single, indivisible interest, and instead that claims for punitive damages were "brought together in a class action only for the convenience of the plaintiffs." *Id.* at 1430 (internal quotation marks and citations omitted).

The logic of *Gilman* applies with equal force in the context of attorneys' fees. The relevant statute, New York Labor Law § 198(1-a), provides an individual plaintiff who prevails on a state wage and hour claim with the right to recover attorneys' fees. That the fees in this particular case will be an aggregated sum because the case was brought as a class action should not obscure the fact that attorneys' fees, like back wages and liquidated damages, belong to each individual plaintiff in this suit and not as a single, indivisible interest. The Court is therefore persuaded that attorneys' fees incurred for a putative class action must be divided *pro rata* among all members of the putative class for jurisdictional purposes where, as here, Plaintiffs seek to establish the Court's subject-matter jurisdiction over this action on the amount in controversy claimed by one individual named Plaintiff.

As noted above, Plaintiffs had incurred attorneys' fees of $15,058.75 at the time the Complaint was filed, which the Court finds should be allocated amount *all* putative class members since the work was done on their behalf. With at least 100 potential class members to be accounted for (Am. Compl. ¶ 68), Ryan's *pro rata* share of the attorneys' fees was barely $150, leaving her more than $9,500 below the $75,000 threshold for amount in controversy. Put another way, Plaintiffs would have to incur $967,489 in reasonable attorneys' fees in order for Ryan to reach the aggregate threshold of $75,000 required by § 1332. In light of these facts, the Court has no difficulty finding to a legal certainty that Plaintiff cannot meet the $75,000

threshold for amount in controversy pursuant to 28 U.S.C. § 1332(a). Accordingly, Defendants' motion to dismiss is granted.

## II. PLAINTIFFS' REQUEST TO AMEND THE COMPLAINT

On April 17, 2012, Plaintiffs submitted a pre-motion letter requesting leave to amend the complaint to add claims under the Fair Labor Standards Act and to add the New York Yankees Partnership as a defendant. On April 25, 2012, Defendants submitted a pre-motion letter opposition to Plaintiffs' request. Although the Court has discretion to grant or deny leave to amend pleadings, it "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, leave to amend may be denied on the grounds of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 87 (2d Cir. 2002). Because Defendants have raised significant concerns regarding Plaintiffs' proposed amendment, the Court will reserve judgment on Plaintiffs' request and permit them to file a motion to amend. Accordingly, Plaintiffs may file their motion to amend no later than September 4, 2012, and shall attach a proposed amended complaint with their briefing. Defendants shall submit their opposition no later than October 2, 2012. Plaintiffs' reply is due no later than October 12, 2012.

### III. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is granted. The Clerk of the Court is respectfully directed to terminate the motion located at Doc. No. 24 in case number 11 Civ. 3110 (RJS).

SO ORDERED.

Dated:   July 31, 2012
         New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

# Brown Declaration
# Exhibit 2

2013-02-14 15:35                               2124073002 >>          2128057908    P 2/3

# MEMO ENDORSED

# Akin Gump
Strauss Hauer & Feld LLP

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/14/13

KELLY L. BROWN
212-672-6120/fax: 212-872-1002
kbrown@akingump.com

February 14, 2013

VIA FACSIMILE

The Honorable Thomas P. Griesa
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re:    *Pollock, et al. v. Legends Hospitality, LLC, et al.*, 12 CIV 8334 (TPG)

Dear Judge Griesa:

We represent Defendant Legends Hospitality, LLC ("Legends") in the above-referenced matter. We write on behalf of all parties in this action to respectfully request extensions of time for: (1) Plaintiffs to respond to Legends' Motion to Dismiss the Class Action Complaint (the "Motion to Dismiss") and (2) both Defendants to respond to Plaintiffs' Motion for Preliminary Certification Pursuant to the Fair Labor Standards Act, for Court-Authorized Notice to Similarly Situated Persons, and for Expedited Discovery (the "Notice Motion").

Plaintiffs' response to Legends' Motion to Dismiss originally was due February 15, 2013. Plaintiffs respectfully request, and Legends consents to, an extension of time for Plaintiffs to file their opposition to the Motion to Dismiss to April 1, 2013.

Both Defendants' responses to Plaintiffs' Notice Motion originally were due February 14, 2013. Defendants respectfully request, and Plaintiffs consent to, an extension of time for both Defendants to file their oppositions to the Notice Motion to April 1, 2013.

The parties have made two previous joint requests with respect to an extension of the briefing schedule for the Motion to Dismiss due to the scheduling of a pre-motion conference, both of which the Court granted, but have made no previous extension requests with respect to the briefing schedule for the Notice Motion.

Please note that this letter request for extension does not obviate Legends' February 7, 2013 request for a pre-motion conference before the Court with respect to its intent to file a motion to stay the Notice Motion.

Approved. Thomas P. Griesa
                                    2/19/13

103961097 v2    One Bryant Park | New York, NY 10036-6745 | 212.872.1000 | fax: 212.872.1002 | akingump.com

2013-02-14 15:35                    2124073002 >>         2128057908    P 3/3

**Akin Gump**
Strauss Hauer & Feld LLP

The Honorable Thomas P. Griesa
February 14, 2013
Page 2

Thank you for your attention to this matter.

Respectfully submitted,

*[signature]*

Kelly L. Brown

cc:   Brian Schaffer (via e-mail)
      Harlan Silverstein (via e-mail)

103961097 v2