UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANNETTE POLLOCK, VICTOR VIERA, JR., and MISAEL FERNANDEZ, on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs,<br><br>      -against -<br><br>LEGENDS HOSPITALITY, LLC, and NEW YORK YANKEES PARTNERSHIP,<br><br>                    Defendants. | Case No. 12-civ-8334<br><br>Hon. Thomas P. Griesa |

**REPLY MEMORANDUM OF LAW
IN SUPPORT OF DEFENDANT LEGENDS HOSPITALITY, LLC'S
MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT**

Defendant Legends Hospitality, LLC ("Legends") has moved to dismiss plaintiffs' class action complaint because plaintiffs' federal FLSA claims fail as a matter of law. Legends has established conclusively that plaintiffs were always paid well over the minimum wage and that plaintiffs were exempt from the FLSA's overtime requirements because they meet all of the criteria for the commissioned employee exemption. Plaintiffs' attempt to refute this showing is unavailing.

*First*, in response to Legends' motion, plaintiffs submit a handful of payroll checks that they contend create a question as to whether they were always paid the minimum wage. There are simple explanations for these isolated records, and the fact remains that plaintiffs always earned well over than the minimum wage. There is no need for further inquiry on this question because Legends has already provided plaintiffs' complete payroll records and plaintiffs have been unable to establish a single FLSA violation.

1

*Second,* plaintiffs argue that the they do not qualify for the commissioned employee exemption set forth in section 207(i) of the FLSA because the portion of the mandatory service charge paid to them is not a bona fide commission rate.  But the Department of Labor and every court to consider the issue has determined that all or part of a mandatory service charge distributed to banquet servers is a bona fide commission under section 207(i).  Plaintiffs provide no authority to the contrary, nor do they dispute that they meet every other requirement of the section 207(i) exemption.

Because plaintiffs have no valid federal claims, the Court should dismiss this case and decline plaintiffs' request to exercise supplemental jurisdiction over their state law claims.

**I.      Plaintiffs Always Received More Than The Federal Minimum Wage**

Plaintiffs acknowledge that Legends may apply the portions of the service charges distributed to plaintiffs towards the minimum wage requirements.  Dkt. No. 42 at 7.  Legends has provided the complete payroll records for each of the three named plaintiffs, which conclusively show that when the service charges are taken into account, each plaintiff received well over the minimum wage in each week during the relevant period.  *See* Dkt. No. 26-1, 26-2, 26-3.  In an effort to dispute the accuracy of these records, plaintiffs provide a total of five payroll checks that do not include a payment for a service charge (indicated on the payroll checks as "charged tips") even though the corresponding payroll records indicate that plaintiffs earned a significant amount in service charges during those weeks.  Plaintiffs' efforts to raise questions of fact fail as there are very simple explanations for each of these five checks—it remains true that plaintiffs earned well over the minimum wage in each week that they worked.

In four of the five checks, the failure to include the service charges earned in these weeks in the payroll checks was simply a payroll error, which was immediately remedied by including

the payment in the very next paycheck.[1]  *See* Declaration of Donald Croce ("Croce Decl.") ¶¶ 3-7, exs. A, B.[2]  For the fifth check, plaintiff Viera's April 26, 2011 check, Dkt. No. 43-2 at 3, the corresponding payroll records clearly show that Viera worked as a bartender during this week, not as a catering server, which is the position that is the subject of plaintiffs' complaint.  *See* Dkt. No. 26-3.  Thus, this pay period is not even covered by plaintiffs' complaint.  Even if it were, there was no violation during this week because bartenders receive tips directly from customers or are tipped out by servers.  *See* Croce Decl. at ¶ 8.  Legends is entitled to a tip credit for the additional 25 cents per hour plaintiff Viera would have needed to earn to bring him up to the minimum wage because the applicable collective bargaining agreement clearly informs employees that bartenders are tipped employees and that tips are credited towards the minimum wage.  *See* Dkt. No. 25-1 at A-1; 29 U.S.C. § 203(m); *Kilgore v. Outback Steakhouse of Fla., Inc.*, 160 F.3d 294 (6th Cir. 1998).  Accordingly, none of the evidence plaintiffs provide establishes that a single plaintiff was paid less than the minimum wage in any workweek.

Even if there is some question as to the availability of the tip credit in this instance, at most, plaintiffs have created a question as to whether in one week of the entire limitations period, one plaintiff might be owed a total of $3.00 for a job that is not even raised in plaintiffs' complaint.  This does not warrant denying Legends' motion because under the FLSA, violations are determined on a workweek by workweek basis.  *See* 29 U.S.C. § 206(a).  Thus, because

---

[1] Two of these four checks are not for the named plaintiffs and thus are irrelevant on this motion as these individuals are not properly before the Court.  *See In re Family Dollar FLSA Litig.*, 637 F.3d 508 (4th Cir. 2011); *Amendola v. Bristol-Myers Squibb Co.*, 558 F. Supp. 2d 459, 477 (S.D.N.Y. 2008).

[2] It is appropriate for Legends to submit additional documents in support of its reply because they are offered to rebut the matters plaintiffs placed in issue in their opposition and they do not present any new reasons for entry of summary judgment.  *See Bayway Ref. Co. v. Oxygenated Mktg. & Trading A.G.*, 215 F.3d 219 (2d Cir. 2000); *Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb Inc.*, 767 F. Supp. 1220, 1235 (S.D.N.Y. 1991), *rev'd on other grounds*, 967 F.2d 742 (2d Cir. 1992).

plaintiffs have not created a question about any other workweek, or any other plaintiff,[3] the Court should not hesitate to dismiss those claims.  *See* Fed. R. Civ. P. 56(a), (g).  As to this one week, while Legends is confident that the tips plaintiff Viera earned in this week would have put him well over the minimum wage, Legends would offer to compensate Mr. Viera for the $3.00 he claims to be owed, plus an additional $3.00 in liquidated damages, the entire judgment he would be entitled to on this claim.

It is telling that after reviewing the entire payroll records for each of the three named plaintiffs, plaintiffs have *at most* been able to identify one week in which one plaintiff *might* be owed $3.00, only if he managed not to earn that amount in tips during the 12 hours he worked in that week and despite the fact that bartenders are not covered in plaintiffs' complaint.  That plaintiffs' FLSA claim is so clearly lacking in any evidentiary support lays bare what can only be their true motive in continuing to assert a claim under the FLSA: to use a federal claim to keep their state law claims in federal court, where they have the possibility of attaining the liquidated damages that are not available to them in state court.  *See Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393 (2010) (New York law prohibiting class actions in suits seeking liquidated damages does not apply in federal court because it conflicts with Rule 23 of the Federal Rules of Civil Procedure).  This one potential payroll aberration for Viera is not sufficient to create a question of fact in light of the three years of complete payroll records plaintiffs cannot and do not dispute.  At the very least, this isolated record of plaintiff Viera does nothing to sustain the claims of the other named plaintiffs, nor is it sufficient to sustain claims on behalf of an entire class.

---

[3] Plaintiffs have provided no evidence or argument to dispute that plaintiff Pollock received well over the minimum wage during each week of the relevant period.

## II.     <u>Plaintiffs Meet The FLSA's Commissioned Employee Exemption</u>

Plaintiffs do not contest that they satisfy two of the three requirements of the section 207(i) exemption for commissioned employees: that they are employed at a retail or service establishment and that their regular rate of pay exceeds 1.5 times the statutory minimum wage rate. Dkt. No. 42 at 10. As to the third requirement, that at least half of their total earnings in a representative period consist of earnings resulting from the application of a bona fide commission rate, plaintiffs do not offer any evidence or argument to contest that at least half of their earnings consisted of the portion of the mandatory service charge paid to them. Thus, plaintiffs contest only that the portion of the mandatory service charge paid to them is a bona fide commission rate. But courts consistently have found that a mandatory service charge added to a banquet bill and shared in whole or in part with banquet staff is properly classified as a commission under section 207(i). *See Mechmet v. Four Seasons Hotels, Ltd.*, 825 F.2d 1173 (7th Cir. 1987); *Nascembeni v. Quayside Place Partners, LLP*, No. 09-23322-Civ., 2010 WL 2351467, at *2 (S.D. Fla. June 11, 2010); *Rallis v Holiday Inns, Inc.*, No. 85 C 1001, 1988 WL 53194, at *1 (N.D. Ill. May 13, 1998). Plaintiffs do not cite a single case where the portion of a mandatory service charge paid to a banquet server is not found to be a bona fide commission, and Legends is not aware of any such case.

Plaintiffs ask the Court to ignore this clear authority, which is precisely on point, and instead rely on various factors some courts have developed to determine whether a compensation plan constitutes a bona fide commission. But none of the cases plaintiffs cite involve banquet servers and it is not necessary for the court to apply factors courts outside of this district have developed in other contexts when there is clear authority that is entirely on point. Plaintiffs make a tortured attempt to distinguish *Mechmet* by focusing on insignificant factual details, but none of the details plaintiffs highlight were central to the decision in *Mechmet*, or to any other

5

decisions holding that the service charge paid to banquet servers is a bona fide commission. In any case, the facts in *Mechmet* were substantively the same as those in this case.

      Plaintiffs' effort to distinguish the relevant Department of Labor Fact Sheet also fails. The Fact Sheet explicitly states that where all or part of "mandatory service charges on customers which represent a percentage of amounts charged customers for services . . . are paid to service employees, that payment may be considered commission and, if other conditions in section 7(i) are met, the service employees may be exempt from the payment of overtime premium pay." *See* Dkt. No. 43-7 at 2. Plaintiffs state that Legends cannot avail itself of the exemption because it failed to satisfy the other conditions in section 7(i), but plaintiffs already conceded that Legends satisfied the other requirements of section 7(i). *See* Dkt. No. 42 at 10. Thus, plaintiffs provide no reason why this clear pronouncement by the DOL does not apply here.

      Plaintiffs contend that Legends cannot avail itself of the section 207(i) exemption unless a service charge was applied to *every* banquet event, and they cite to six events listed in the payroll records that they contend did not include a service charge. But section 207(i) contains no such requirement. See 29 U.S.C. § 207(i). Thus, there is no need to examine these records because this question is not relevant to the section 207(i) exemption. In any event, nothing in these records undermines the availability of the exemption or evidences an FLSA violation. The first three records plaintiffs cite span two pay periods for Annette Pollock. *See* Dkt. No. 43-6; Croce Decl. at ¶ 9. Pollock worked fewer than 40 hours in both of these weeks, thus there could be no overtime violation for these weeks. *See* Croce Decl. at ¶ 9, ex. C. Moreover, Pollock earned well over the minimum wage in both of these weeks. *See id.* Indeed, Pollock earned $41.87 per hour in the first week and $37.09 per hour in the second week. *See id.*

Next, plaintiff asserts that service charges were not paid for events on August 1, 2012, August 6, 2012, and September 6, 2012. Not true. The records for August 1, 2012 and September 6, 2012 clearly show that Pollock worked two events on those days and the total amount she earned for both events on those days is shown in the records. *See* Dkt. No. 26-2; Croce Decl. at ¶ 10. Plaintiffs are simply misreading the records. As to the August 6, 2012 event, due to a payroll error, the $303.63 in service charges that Pollock earned that day is not listed in the record; however, she was paid for that amount on August 21, 2012. *See* Croce Decl. at ¶¶ 11-13, ex. E. Accordingly, plaintiffs' effort to pin a classwide FLSA claim to these records, which in no way evince an FLSA violation, must fail.

Finally, plaintiffs argue that the exemption cannot apply because Legends allegedly failed to comply with certain recording requirements set forth in 29 C.F.R. § 516.16. Dkt. No. 42 at 12-13. But even if Legends did not comply with the DOL's recording requirements, that does not mean the exemption is not applicable. When an employer fails to comply with section 516.16's requirements, courts do not find that the exemption is unavailable, but merely issue an injunction requiring the employer to comply with the requirements in the future. *See Johnson v. TGF Precision Haircutters, Inc.*, No. Civ. A. H-03 3641, 2005 WL 1994286, at *6 n. 15 (S.D. Tex. Aug. 17, 2005); *Viciedo v. New Horizons Computer Learning Ctr. of Columbus*, 246 F. Supp. 2d 886, 899-900 (S.D. Ohio 2003) ("[E]ven though the Defendant may have failed to comply with the DOL's recording requirements, that failure would not defeat the Defendant's Motion for Summary Judgment").

In sum, plaintiffs have provided no evidence that undermines the applicability of section 207(i)'s exemption from the FLSA's overtime requirements.

**III.     Diversity Jurisdiction Is Not Established**

Plaintiffs acknowledge that for purposes of establishing diversity, a partnership has the citizenship of each of its partners and a limited liability company has the citizenship of each of its members.  *See* Dkt. No. 42 at 15.  Here, the majority partner of defendant New York Yankees Partnership ("NYPP") is YGE Holdings, LLC ("YGEH LLC"), and the sole member of YGEH LLC is Yankee Global Enterprises LLC ("YGE LLC").  *See* Dkt. 27 at ¶¶ 3-4.  Several members of YGE LLC are residents of New York.  *See id.* at ¶ 5.  Plaintiffs do not dispute these facts.  Instead, plaintiffs argue that the Court simply should not apply the established principles for determining citizenship of partnerships and LLCs where the partner or member itself is an LLC.  However, plaintiffs provide no support for this position and it is contrary to controlling authority. *See Quantlab Fin., LLC, Quantlab Techs. Ltd. (BVI) v. Tower Research Capital, LLC*, 715 F. Supp. 2d 542, 546, 549 (S.D.N.Y. 2010) (analyzing the membership of each LLC and limited partnership where plaintiff LLC's membership consisted of several layers of LLCs and limited partnerships).

Because several members of YGE LLC are residents of New York, YGE LLC is a New York citizen.  And because YGE LLC is the sole member of YGEH LLC, then YGEH LLC is in turn a New York citizen.  In turn, because YGEH LLC is the majority partner of defendant NYYP, then NYYP is a New York citizen for purposes of diversity jurisdiction.  *See Herrick Co., Inc. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001); *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51-52 (2d Cir. 2000); *Quantlab Fin., LLC*, 715 F. Supp. 2d at 546, 549.  Accordingly, the Court does not have diversity jurisdiction in this case.

**IV. Conclusion**

For the foregoing reasons, the Court should grant defendant's motion to dismiss plaintiffs' federal claims and should decline to exercise jurisdiction over plaintiffs' remaining state law claims.

                                      Respectfully submitted,

DATED: April 11, 2013                    /s/ *Richard J. Rabin*
                                             Richard J. Rabin
                                             AKIN GUMP STRAUSS HAUER & FELD LLP
                                             One Bryant Park
                                             New York, NY  10036
                                             Telephone: (212) 872-1000
                                             Facsimile: (212) 872-1002
                                             rrabin@akingump.com
                                             kbrown@akingump.com

                                             Lawrence D. Levien (*pro hac vice*)
                                             Robert G. Lian, Jr. (*pro hac vice*)
                                             AKIN GUMP STRAUSS HAUER & FELD LLP
                                             1333 New Hampshire Avenue
                                             Washington, DC 20036
                                             Telephone: (202) 887-4000
                                             Facsimile: (202) 887-4288
                                             blian@akingump.com
                                             llevien@akingump.com

                                             ATTORNEYS FOR DEFENDANT
                                             LEGENDS HOSPITALITY, LLC

**CERTIFICATE OF SERVICE**

  I, Juliet E. Gray, hereby certify that a true and correct copy of Defendant's Reply Memorandum of Law in Support of Defendant Legends Hospitality, LLC's Motion to Dismiss Plaintiffs' Class Action Complaint, was served this 11th day of April, 2013, via the ECF filing system (registered users) on the following:

    Joseph A. Fitapelli
    Brian S. Schaffer
    Eric J. Gitig
    FITAPELLI & SCHAFFER, LLP
    475 Park Avenue South, 12th Floor
    New York, New York 10016

        */s/Juliet E. Gray*
        Juliet E. Gray