```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: JUN 27 2013
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ANNETTE POLLOCK, VICTOR VIERA, JR., and
MISAEL FERNANDEZ, on behalf of themselves
and all others similarly situated,

                         Plaintiffs,

            -v-

LEGENDS HOSPITALITY, LLC, and NEW YORK
YANKEES PARTNERSHIP,

                         Defendants.

------------------------------------------------------------X

12 Civ. 8334 (KBF)

ORDER

KATHERINE B. FORREST, District Judge:

On November 15, 2012, plaintiffs brought this action under the Fair Labor Standards Act and New York Labor Laws for the alleged failure of defendants Legends Hospitality, LLC, ("Legends") and New York Yankees Partnership (the "Yankees") to pay them the wages and tips to which they are entitled. On January 31, 2013, plaintiffs moved to certify a collective action under 29 U.S.C. § 216(b). On February 1, 2013, the Yankees answered the complaint, and Legends filed a motion to dismiss the complaint. On March 1, 2013, Legends filed a motion to stay the briefing on plaintiffs' motion for conditional certification pending resolution of the motion to dismiss. On March 26, 2013, the Court effectively granted defendants' motion to stay by extending their time to respond to plaintiffs' motion for conditional certification of a collective action until thirty days after the Court

1

decides the motion to dismiss. This action was reassigned to the undersigned on June 6, 2013.

Legends moves to dismiss the complaint for two principal reasons: (1) contrary to the allegations in the complaint, plaintiffs received in excess of the federal minimum wage, and (2) notwithstanding the absence of relevant allegations in the complaint, defendants are able to meet their burden to show that plaintiffs are exempt from the overtime requirements of the FLSA. Neither of these arguments provides a basis for the Court to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). Accordingly, it is hereby

ORDERED that Legends' motion to dismiss the complaint is DENIED.

IT IS FURTHER ORDERED that Legends' motion to stay the briefing schedule pending a resolution of the motion to dismiss is DENIED as moot in light of this Order.

IT IS FURTHER ORDERED that Legends' shall, not later than **July 12, 2013**, submit its opposition papers, if any, to plaintiffs' motion for conditional certification of a collective action, <u>along with</u> a list of names and addresses of all individuals who would be entitled to receive notice if conditional certification were granted.[1]

---

[1] In its motion for a stay of the briefing schedule on plaintiffs' motion for conditional certification, defendant Legends cites the expense of opposing such a motion. The Court notes that, given (1) the very low burden that plaintiffs bear on these motions and (2) defendants' ability to move for decertification if discovery demonstrates that plaintiffs are not similarly situated, it is often expedient for defendants to stipulate to conditional certification of a collective action, reserving all rights to move for decertification at the appropriate time. Given that plaintiffs only seek to certify a collective action that includes banquet servers employed by defendants and that they have submitted numerous affidavits supporting their motion, this may be an appropriate situation for defendants to seriously consider stipulating to conditional certification reserving all rights to move

2

IT IS FURTHER ORDERED that plaintiffs shall, not later than **July 19, 2013**, submit any reply papers in support of the motion for conditional certification.[2]

IT IS FURTHER ORDERED that the parties shall adhere to the following schedule for the remainder of this action:

1. The parties shall appear for a status conference at **9:30 a.m. on Friday, September 20, 2013**;

2. All discovery shall close by **November 11, 2013**;

3. The joint pretrial order and accompanying materials shall be submitted not later than **November 22, 2013**;

4. The parties shall appear for a final pretrial conference at **9:00 a.m. on December 2, 2013**; and

5. Trial shall commence **December 16, 2013**.

The Court declines to convert Legends' motion to dismiss to one for summary judgment.[3] However, the parties are welcome to bring any motion for (partial) summary judgment as early as they deem appropriate.

---

for decertification at a later time. Defendants, of course, are entitled to pursue their rights as they deem appropriate.

[2] Plaintiffs may also wish to submit a proposed form of notice more in keeping with those approved by the Court in other actions, see, e.g., Calle v. Akram Rest. Mgmt., Inc., No. 12 Civ. 9125 (S.D.N.Y. filed Dec. 14, 2012) (Order Granting Motion to Certify Collective Action, ECF No. 29), in which case, they should do so forthwith.

[3] The Court declines to convert this motion to summary judgment (1) to allow the parties to brief the motion from the outset as one for summary judgment, including Rule 56.1 statements and citations thereto, (2) to allow the parties to engage in any discovery they deem appropriate prior to summary judgment, and (3) to allow the parties to tailor any motions for summary judgment in light of the facts already submitted in connection with the instant motion.

The Clerk of Court is directed to terminate the motions at ECF Nos. 23 and 35.

SO ORDERED.

Dated:  New York, New York
        June 27, 2013

                                                KATHERINE B. FORREST
                                                United States District Judge